WILLIAM PARHAM *v.* W. H. GREEN.

Where the principal placed  property in the hands of  a surety, sufficient, to satisfy the debt, and then left the State.   *Held,* that a third person, also bound for the debt as surety, having been  compelled to pay it, might recover its amount from the person who had received the property, *without making a previous demand.*

(*Draughn* v. *Bunting,* 9 Ire. 12 ; *Hall* v. *Robinson,* 8 Ire. 58 ; *Sherrod* v. *Woodward,* 4 Dev. 360 ; *Norfleet* v. *Cromwell ante,* 1, approved.)

ASSUMPSIT, tried before *Logan, J.,* at Spring Term 1870,. of CLEVELAND Court.

The case is stated in the Opinion.

Verdict and judgment for the plaintiff.

The defendant appealed.

*Hoke,* for the appellant.

*Bynum, contra.*

Parham *v.* Green.

Rodman, J. This is an action of assumpsit begun in 1857, in which the plaintiff declared specially, and also, we may assume, in the common counts, for money had and received, &c.

The case states that one Durham made a bond for money, and the plaintiff executed the same as his surety, and the defendant also signed the same, "W. H. Green, surety." Afterwards Durham left the State, and placed in the hands of the defendant, personal property sufficient to satisfy the debt, and the defendant, in consideration thereof, promised to do so. Afterwards a judgment was recovered on the note against both plaintiff and defendant, and plaintiff paid it. There was no proof of any demand by plaintiff on the defendant before suit.

There may be some room for doubt whether on the face of the paper the defendant bound himself as surety for both Durham and the plaintiff, or as co-surety with the plaintiff for Durham. We do not think it material which the contract originally was. By accepting money's worth from Durham, and promising to pay the debt, the defendant became, as between him and the plaintiff, the principal debtor. He took the place of Durham. The money which the plaintiff afterwards paid, was paid at the implied request of the defendant as representing Durham, and the plaintiff is entitled to recover it back as money paid at his request. The authorities which support this proposition are so numerous that a brief reference to some of the text-books where they may be found collected, and to a few cases in our own reports, will be quite sufficient: 2 Robinson's Pr. 438; *Jenkins* v. *Tucker*, 1 H. Bl. 90; *Draughn* v. *Bunting*, 9 Ire. 12; *Hall* v. *Robinson*, 8 Ire. 58; 1 Pars. Cont. 468–'9.

These cases also answer the objection that there was no promise to pay the plaintiff, or any privity of contract between the defendant and him. Even in the common case

of money paid by one co-surety in exoneration of another, there is no actual request to pay by the other, or any actual promise to indemnify. The law implies the request and the promise, from the respective situations of the parties, and because it is just and conscientious. " The defendant's assent will be implied in all cases where, through his default the plaintiff has been obliged to pay money, as where the plaintiff is a surety for the defendant, &c. And in general this count may be supported by proof that the money was paid for the defendant, from a reasonable cause, and not officiously : Phil. Ev., Book 2, ch. 9, p. 120, (3 vol. with Cowen & Hill's notes.)

It is objected, however, to the plaintiff's recovery, that he made no demand of payment before suit. We do not think any demand was necessary. In *Sherrod* v. *Woodward*, 4 Dev. 360, it was held that when one surety pays the whole debt, he cannot recover a rateable share from a co-surety without giving him notice of such payment. The reason is stated to be : " The defendent may be ignorant of the default of the principal, or of the payment by the plaintiff. He may be willing to pay his part without suit, or notice may be important to him to procure the means of re-imbursement." *Norfleet* v. *Cromwell ante*, 1, was a case in which it was thought that notice was necessary for similar reason. See also 1 Chit. Pl. as cited in that case. But it seems to us that those reasons are not applicable in this case. The defendant of course knew of his own default; he knew that judgment had been obtained against both the plaintiff and himself, and he might have known, and we think he was put on the inquiry, and was therefore bound to know, that the plaintiff had paid the debt.

There is no error in the instructions of the Judge, and the judgment below must be affirmed.

PER CURIAM.                          Judgment affirmed.