A. B. STITH *v.* JACOB LOOKABILL,

Whether or not there was a spoliation of a deposition offered in evidence, is a question for the Court to be decided upon inspection, and it is error to submit the same to the decision of the jury.

CIVIL ACTION, in the nature of the former action of Ejectment, tried before *Cloud, J.,* at the Fall Term, 1872, of the Superior Court of DAVIDSON county.

There was a verdict for the plaintiff. Rule for a new trial; rule discharged. Judgment and appeal by the defendant.

The case in this Court was disposed of by the decision of one of the points made in the Court below, the facts relating to which are fully set forth in the opinion of the Court.

*Dillard, Gilmer & Smith* and *Blackmer & McCorkle,* for appellant.

*Bailey* and *Gorrell,* contra.

SETTLE, J. It appears from the statement of the case, which his Honor sends to this Court, that the plaintiff's counsel, in addressing the jury, asked them, in consequence of alleged spoliation in a certain deposition which had been

admitted and read to them, not to believe the statements contained therein.

The counsel for the defendant objected to the comments of the plaintiff's counsel at the time, and asked the Court to charge the jury that there was no evidence of any spoliation; which the Court declined to do, but remarked that the Court did not know whether there was any spoliation or not; that the jury had been shown the alleged spoliation and could examine it again, and it was for them to say whether they were satisfied that there had been any spoliation or not.

In this there was error.

The question of spoliation was one of fact to be tried by the Court upon inspection, and should not have been left to the jury.

The defendant is entitled to a *venire de novo*.

PER CURIAM.                                *Venire de novo.*