#### WILSON & MILLER *v.* J. W. DERR.

The rule that when a contract has been reduced to writing, no evidence of its contents is admissible except the writing itself, is confined to contracts, and does not extend to receipts on the payment of money, unless they contain something more, so as to amount to contracts.

If a plaintiff offer in evidence a receipt which he had given to the defendant, and which he had obtained from the defendant upon a notice to him to produce it on the trial, he is not hereby precluded from showing that the receipt had the words "in full" in it when it was given, but that they had been since obliterated.

The cases of *Smith* v. *Brown*, 3 Hawks, 580; *Matthis* v. *Matthis*, 3 Dev. & Bat., 60; *Dunn* v. *Clements*, 7 Jones, 58; *Spencer* v. *White*, 1 Ired., 236, and *Stith* v. *Lockabill*, 68 N. C. Rep. 227, cited and approved.

This  was a CIVIL ACTION to enforce a mechanics' lien, tried at the  Spring Term, 1873, of the Superior Court of LINCOLN county, before his Honor, *Logan, J.*

On the  trial, the plaintiff had a verdict and judgment, and the defendant appealed.   The case is sufficiently stated in the opinion of the Court.

*W. P. Bynum*, for the  defendant, made the following points:

1. The construction of a written contract is for the Court, and not for the jury.   *Brown* v. *Hatton*, 9 Ired., 327; *Fesper-*

*man* v. *Parker*, 10 Ired., 23 ; *Sizemore* v. *Morrow*, 6 Ired., 53 ; *Collins* v. *Benbury*, 5 Ired., 118.

2. If a party introduce in evidence a writing to claim a benefit or advantage under it, he cannot impeach it any more than he can his own witness. Here he makes the writing his witness, and then introduces other witnesses to prove that his own witness has been bribed, or is committing perjury. 1 Stark. on Ev. 147; 1 Greenl. on Ev. sec. 276, 277, note to sec. 280. If a witness be examined upon a collateral matter, evidence will not be admitted to disprove it in order to discredit the witness. *United States* v. *White*, 5 Cr. C. C. 38, (Bright's Dig. p. 409.)

3. Whether there was spoliation of a deposition offered in evidence is a question for the Court to be decided on inspection, and it is error to submit the same to the jury. *Stith* v. *Lockabill*, 68 N. C. Rep. 227.

*Schenck*, for the plaintiffs.

RODMAN, J. The plaintiffs complain that defendant was indebted to them in $407.12, due the 1st of December, 1871, for work done, that defendant paid them $102 in cash, and had an account against them for $37.47, which they allowed as a further deduction, leaving a balance due of $267.65 for which they claimed judgment.

Defendant denies that he owes plaintiffs, and for a second defence, by way of counter claim, says that plaintiffs owe him $12 for the board of their horse, and $75 damages for breach of contract in not finishing the work by the time agreed on.

The only matter in controversy which need be noticed was the counter claim. Plaintiffs alleged that when defendant presented his account for $37.47 which they allowed, it was agreed by defendant that he had no other claim against plaintiffs. For the purpose of proving this, they required

defendant to produce a receipt which they had given him upon the partial settlement before had, and upon its being produced, they gave the receipt in evidence, they then offered, and were allowed to give in evidence that when the receipt was given, it contained the words "in full" as applied to defendant's account, and that those words had been since obliterated. Defendant excepted to the reception of his evidence. The plaintiffs were under no necessity, although they were at liberty to introduce the receipt in support of their view of the nature of the settlement. . The rule that when a contract has been reduced to writing, no evidence of its contents is admissible, except the writing itself, is confined to contracts, and does not extend to receipts on the payment of money, unless they contain something more, so as to amount to a contract. *Smith* v. *Brown*, 3 Hawks, 580.

Having introduced it, we know no reason why they were not at liberty to show what it contained when given, and that some words had since been obliterated. A party who sues upon a bond which has apparently been altered may show that the alteration was made by the obligor or by accident. *Matthis* v. *Matthis*, 3 D. & B., 60; *Dunn* v. *Clements*, 7 Jones, 58.

It is true that a party who has introduced a witness cannot afterwards impeach his general character, although he may show that he was mistaken in a part of his testimony. *Spencer* v. *White*, 1 Ired. 236.

But there is no analogy by which this rule can be extended to embrace a case like this. The writing which the plaintiffs made their witness, was the writing which they signed, *and as they signed it,* and it was for the purpose of showing what this was that they offered the evidence objected to. *Stith* v. *Lockabill*, 68 N. C. Rep. 227 has no bearing. In that case a deposition was offered in evidence from which it was contended that apparently a portion had

been torn off, and it was objected to on that ground. The Judge let it go to the jury to find whether any part had been torn off or not, and if it had been to disregard it. Clearly the Judge must pass on the competency of evidence; but in that case he left that question to the jury.

Here, evidence of the original form of the receipt was competent, and also evidence of the obliteration, and the Judge received them. The effect of the evidence and the bearing of the receipt on the question at issue was with equal propriety left to the jury.

There is no error.

PER CURIAM.                    Judgment affirmed.