JACKSON B. HARE v. JAMES W. GRANT Administrator.

*Surety and Principal--Action by Surety--Measure of Damages.*

Where a surety is sued with his principal, or where he is sued alone and notifies his principal, the recovery against the surety is the measure of damages in an action by surety against principal for money paid to his use, and the record of such recovery is conclusive against the principal in such action.

(*Lewis* v. *Fort*, 75 N. C. 251, cited and approved.)

CIVIL ACTION tried at Spring Term, 1877, of NORTHAMPTON Superior Court, before *Buxton, J.*

James Clark the intestate of defendant was the guardian of one James P. Harrell, and the plaintiff was surety on his guardian bond. The plaintiff alleged that in an action brought on this bond by Harrell, he was compelled to pay the amount demanded as due to the ward, as appeared by a return of said guardian made in 1851. At the trial term of said action, a *nolle prosequi* was entered as to the administrator of the deceased guardian, and judgment rendered against this plaintiff. This action was brought to recover back the money paid by the surety for his principal, and when the case was called for trial, the defendant's counsel moved for a continuance on the ground that the defendant was absent, and that he, the counsel, was informed that defendant had in his possession vouchers showing payments made by said guardian to his ward after the guardian's last return, which was made on the 23d of May, 1859. The Court refused the motion to continue and the defendant excepted. The plaintiff introduced the transcript of certain court records, execution, &c., showing that he had paid the debt, and under the instructions of His Honor the jury rendered a verdict for plaintiff. Judgment. Appeal by defendant.

*Messrs. D. A. Barnes* and *W. N. H. Smith,* for plaintiff.
*Messrs. R. B. Peebles* and *W. W. Peebles,* for defendant.

READE, J.   Where a surety is sued with his principal, or where he is sued alone and notifies his principal, so as to enable him to defend, or to furnish the surety with a defence, the recovery against the surety is the measure of his damages against his principal.   And in an action, as this is, to recover of his principal, money paid to his use, the record of the recovery against the surety is conclusive evidence.

It would be iniquitous for the principal to stand by and see an excessive recovery against his surety, which he alone could prevent, and then set up the defence when his surety sues him.

Of course this principle would not apply where there was fraud or collusion between the surety and creditor.   And probably it would not apply where there had been *negligence* on the part of the surety in using the defences within his power, or which were furnished him by the principal.   In this case no fault attaches to the surety.   *Lewis* v. *Fort,* 75 N. C. 251.

There is no error.

PER CURIAM.                              Judgment affirmed.