MARTHA A. HARPER v. W. H. DAIL & BRO.

*Evidence, Parol to Explain Receipt—Res Gestæ—Agent—Husband and Wife—Counter-claim—Non-suit.*

1. When a receipt is evidence of a contract between the parties, it stands on the same footing as other contracts in writing, and cannot be contradicted or varied by parol; but when it is merely the acknowledgment of the payment of money or the delivery of goods, it may be contradicted by parol.

2. A husband may be the agent of his wife.

3. The declarations of a party, made at the time that she handed a deed to her husband to deliver as her agent to the grantee, are admissible in evidence as a part of the *res gestæ*.

4. Declarations to become a part of the *res gestæ* must be made at the time of the act done, and must be consistent with the obvious character of the act.

5. Where it appears in the record that the plaintiff took a non-suit and appealed before the issues arising on a counter-claim pleaded by the defendant had been disposed of, but no objection was made by the defendant at the time; *Held*, not to be such an exception as can be taken for the first time in this Court.

(*Reid* v. *Reid*, 2 Dev., 247; *Wilson* v. *Derr*, 69 N. C., 137; *State* v. *Jones*, 69 N. C., 16; *Meekins* v. *Tatem*, 79 N. C., 546, cited and approved).

CIVIL ACTION, tried before *MacRae, Judge*, and a jury, at the July Special Term, 1884, of GREENE Superior Court.

The facts fully appear in the opinion.

The plaintiff, in deference to His Honor's opinion, took a non-suit and appealed.

*Messrs. Bryan & Burkhead,* for the plaintiff.

*Messrs. W. C. Monroe* and *Nixon & Galloway,* for the defendants.

ASHE, J. The action was brought to recover the balance alleged by plaintiff to be due her upon the purchase money of a tract of land which was the property of the plaintiff, and had been conveyed by her and her husband Blaney Harper to the defendant, with the agreement, as she alleged, that a note made by said Blaney Harper and R. H. T. Harper, as surety, to defendant, for four hundred and fifty dollars should be paid and the balance of the purchase money should be paid over to plaintiff.

She alleged that the balance had not been paid and prayed judgment for the same.

The defendant admitted the purchase of the land and the execution of the deed, but alleged that the purchase money had been paid according to the agreement. That he knew nothing of the conversation between the plaintiff and her husband before the drawing of the deed. That the deed contained a covenant against incumbrances, but the land in question having descended to the plaintiff and others as tenants in common, upon a partition theretofore made, under proceedings regularly instituted, the lot assigned to the plaintiff had been charged with the sum of one hundred and fifty dollars for equality of partition, and that he had been compelled to pay the same on the 15th of January, 188–, when the sum so charged, with interest, amounted to two hundred and thirty-one dollars, and he pleaded the payment of this money as a counter-claim and prayed judgment therefor.

The plaintiff replying alleged that there was nothing due for equality of partition at the time of the purchase by defendant,

that her husband had theretofore paid the same to R. C. Beaman, guardian of the parties in favor of whose lot her lot had been charged.

The plaintiff offered in evidence a receipt, as follows, to-wit:

SNOW HILL, March 10th, 1875.

Received of Blaney Harper one hundred and fifty dollars in part payment for the claim, I hold against him as guardian of the heirs of R. Heath, deceased.

(Signed)  R. C. BEAMAN, *Guardian.*

Plaintiff also offered in evidence the deed made by her and her husband to defendants, and introduced Blaney Harper as a witness who testified that the claims held by R. C. Beaman as guardian, against him, were about one hundred and seventy-five dollars for rent of land and one hundred and fifty dollars on the division of the land. Plaintiff then proposed to ask witness, "what claim he settled, when the receipt was given by Beaman, if anything was said about what claim he was paying." Defendant objected to the answer to the question upon the ground that the receipt purported to be for claims held against the witness, and he ought not to be allowed to contradict it, and now say that the money was paid in settlement of the charge upon the land. The court sustained the objection and plaintiff excepted. The witness further testified "that he did not recollect whether the understanding with Dail was that the note was to be paid and the balance of the purchase money of the land to go on witness' account or not, witness may have sworn so before the referee. Witness told Dail, that he, witness, had nothing to do with his wife's land. Witness might have sold it to him with the understanding as above stated."

He stated that he was largely indebted to defendants over the amount of the note, perhaps as much as one thousand dollars.

The plaintiff offered herself as a witness in her own behalf, and her counsel, for the purpose as he stated, of showing the agency of her husband, Blaney Harper, to deliver the deed for her, and the extent of his authority in relation to such delivery, proposed to ask the witness, " At the time you executed the deed and handed it to your husband to be carried and delivered to the defendants, what directions did you give him as to the terms upon which the deed was to be delivered." The answer to the question was objected to by the defendant. The objection was sustained by the Court, and the plaintiff excepted. Thereupon, the plaintiff submitted to a non-suit and appealed.

The only exceptions taken upon the trial worthy of consideration, are those to the ruling of the Court in refusing to hear testimony in explanation of the receipt, and excluding the answer of the plaintiff to the question propounded by her counsel in regard to the directions given her husband with respect to the terms upon which he was to deliver the deed.

In both of the rulings we think the Court was in error. When a receipt is evidence of a contract between parties it stands on the same footing with other contracts in writing, and cannot be contradicted or varied by parol evidence; but when it is an acknowledgment of the payment of money or of the delivery of goods, it is merely *prima facie* evidence of the fact which it recites, and may be contradicted by oral testimony. 1 *Greenleaf on Evidence, sec.* 308 ; *Reid* v. *Reid,* 2 Dev., 247 ; *Wilson* v. *Derr,* 69 N. C., 137.

As to the other exceptions, it is laid down in 2 *Greenleaf on Evidence, sec.* 61, that the authority of an agent may be proved by parol evidence, and it is well settled that a wife may empower her husband, as well as any other person, to be her agent, and that he may hold the agency by express written or verbal appointment, 2 *Bishop on the Law of Married Women, sec.* 395; and then the only other question is, are the directions which the plaintiff gave her husband with respect to the terms upon which he, as her agent, was to deliver the deed,

admissible in evidence. We are of the opinion they were. The handing the deed to her husband to be delivered, by the plaintiff, was an act of her's and whatever was said by her in reference to the act, was admissible in evidence as a part of the *res gestæ*. Declarations to become part of *res gestæ*, must be made at the time of the act done, and must be such as are calculated to unfold the nature and quality of the facts they are intended to explain, and so to harmonize with them as obviously to constitute one transaction. In other words they must be contemporaneous with the act and must be consistent with the obvious character of the act. 1 *Greenleaf on Evidence*, sec. 108, note 1.

The evidence, we think, was admissible, but what effect it might have is another question.

The defendants' counsel moved to dismiss the appeal, upon the ground, as appears by the record, that the plaintiff submitted to a non-suit and appealed to this Court before the issue arising on the counter-claim of the defendant was tried, or any judgment rendered thereon. The exception might have been sustained if it had been taken in apt time, but there was no objection made by the defendant in the court below when the non-suit was entered and the appeal taken. It is not one of the exceptions allowed under sub. div. 3, §412 of *The Code*, to be taken for the first time in this Court—and it has been too repeatedly decided that exceptions cannot be taken in this Court which were not taken in the Court below, to admit of a question. *State* v. *Jones*, 69 N. C., 16; *Meekins* v. *Tatem*, 79 N. C., 546.

The only exceptions to the rule are where there is want of jurisdiction, or where, upon the whole case, it is apparent that the plaintiff is not entitled to relief, and in those cases mentioned in sub. div. 3, §412 of *The Code*.

Our conclusion is that there is error, and the judgment of the Superior Court is reversed, and this must be certified to the Superior Court of Greene county, that a *venire de novo* may be awarded.

Error. Reversed.