ANN C. LEAK, Ext'x of J. W. Leak, *v.* E. P. COVINGTON and ALEX. A. COVINGTON, Ex'rs of W. L. Covington, and others.

*Record Evidence—Finding of facts by Judge—Insolvency ; General reputation of—Statute of Limitations—Judge's Charge ; Exceptions to—Assignment of Error—Action against Co-surety—Parties ; Objection for want of.*

1. The record in a suit upon an administration bond against a surety and the personal representatives of another surety in which a *nol. pros.* was entered as to them, and judgment rendered against their intestate's co-surety, is evidence and *prima facie* proof, in a suit by him, for contribution, against said personal representatives, as to the damages.

2. The finding by a Judge below of the facts of the loss of a record, upon which secondary evidence of its contents is offered, is conclusive, and not the subject of review in the Supreme Court.

3. A surety seeking contribution from a co-surety can offer evidence of the general reputation for insolvency of their principal, even after direct evidence of such insolvency, such as unsatisfied executions against him, &c.

4. The statute of limitations begins to run against a surety paying a debt only from the time of payment.

5. Under the practice in this State, where the record shows a motion for a new trial for certain alleged errors, only such errors will be considered in the Supreme Court, all other exceptions taken at the trial being treated as abandoned.

6. Where the Judge's charge involves a series of distinct propositions, the errors alleged must be distinctly pointed out, or they will not be noticed.

7. The credit to be given to evidence is a question exclusively in the province of a jury.

8. It is not proper for a Judge to give an instruction upon a speculative proposition not bearing on any of the issues in the case.

9. The statute giving an action to a surety who has paid the debt against a co-surety, when the principal shall be insolvent or out of the State, has reference to the time when action is brought, and not to the time of payment by the surety.

10. When the relations of one not a party to an action, who, it is claimed, should have been made a party, appear in the complaint, the defendant has his remedy by demurrer; and if they do not so appear, he should set out the facts, and insist on the objection in his answer.

CIVIL ACTION, tried before *Clark, J.,* at June Term, 1887, of the Superior Court of RICHMOND County.

The facts sufficiently appear in the opinion.

*Mr. P. D. Walker,* for the plaintiff.
*Mr. John D. Shaw,* for the defendants.

SMITH, C. J.   Edwin P. Covington, guardian of the infant children of John P. Covington, in an action upon the administration bond executed by James A. Covington, on his appointment as administrator of the intestate, John P., against him, as principal, and the two sureties thereto, John W. Leak and William L. Covington, the other surety, Bethune B. McKenzie, being insolvent, recovered judgment in the sum of $5,453.69 damages at Fall Term, 1876, of the Superior Court of Richmond County.   The plaintiff, Ann C. Leak, appointed in the will of the said John W. his executrix, and, upon his death, pending the action, made a defendant in his stead, out of the testator's assets satisfied the judgment, having, on February 3d, 1887, paid thereon $3,797.58, and on April 5th following, $1,899.39 in full of the debt and

interest and the further sum of $371.06 for costs incurred in the action.

The form of the judgment was afterwards so amended as to make it for the penalty of the bond, dischargeable on payment of the damages assessed, and the right to do this was affirmed on an appeal to this Court. *Wall* v. *Covington*, 83 N. C., 144.

The present action was instituted by the plaintiff, who has discharged the debt recovered upon the bond to which her testator was a surety, against the executors of William L. Covington, a co-surety, and the other defendants named, to whom, under his will, the bonds whereof he died seized and possessed have come, to the end that they be applied to his debts, and especially to re-imburse to the plaintiff one moiety of the sum she has been compelled to pay. This brief statement will suffice to a proper understanding of the exceptions taken during the course of the trial of the issues before the jury.

These issues, five in number, are, with the responses to each, as follows:

1. Is the estate of B. B. McKenzie insolvent? Answer, Yes.

2. Is James A. Covington insolvent? Answer, Yes.

3. Are the defendants executors of William L., as such executors, indebted to plaintiff on account of the payment made by her, as set forth in the complaint, and if so, in what amount? Answer, Yes, $3,034, with interest from April 5th, 1887.

4. Did the defendants executors of W. L. Covington, or either of them, have notice of the payment mentioned in the complaint? Answer, Yes.

5. Is the plaintiff's action barred by the statute of limitations? Answer, No.

The plaintiff offered in evidence the record of the action of H. C. Wall and T. C. Leak, executors of Mial Wall, against

James A. Covington and the sureties to his administration bond, executed when letters on the estate of his intestate, John P. Covington, issued to him, to which objection was made, on the ground that the executors of the said William L. Covington, though originally in the action, ceased to be parties upon the entering of the *nol. pros.* as to them.

The objection was overruled, and the transcript received as evidence.

As we understand the objection, it is, that as to them the judgment is not only not binding, but inadmissible, to fix any liability upon the estate of their testator to the plaintiff, and still less in determining the amount. It is not pretended that the recovery was not resisted fully and in good faith, nor is any collusion between the opposing parties suggested. We must therefore consider the recovery as rightful and proper. Under such circumstances, cannot the surety, upon proof of what he has been compelled to pay under an adjudication he could not successfully resist, make his co-surety share in the loss, and that without being required to again go over the account, and to establish the claim which the common creditor had against both, and successfully asserted against one? We concur in the ruling, that the record is evidence of the extent of the damage, and *prima facie proof* of it.

In *Armistead* v. *Harramond*, 4 Hawks, 339, HALL, J., delivering the opinion of the Court, declares that a judgment recovered against an administrator, in an action upon a judgment rendered against the intestate in his life-time, is, as to the former and his sureties, evidence of a debt due by the deceased, but not of the possession of assets with which to meet it.

The same principle is announced by BATTLE, J., in *Strickland* v. *Murphy*, 7 Jones, 242, and by RODMAN, J., in *Lewis* v. *Fort*, 75 N. C., 251, in which he uses this language: " In our opinion, independently of the circumstance that the prin-

cipal had notice of the present action against his sureties, and either did defend it, or might have defended it, the record of a payment against the sureties would be evidence that they were *compelled* to pay *on the note recovered on,* and of the *amount* they were compelled to pay," citing 1st Greenleaf Ev., § 537.

And so, more explicitly, it is declared in *Hare* v. *Grant*, 77 N. C., 203, that, in the absence of fraud and collusion, where the surety is sued with his principal, or alone, and notifies his principal, so as to enable him to defend, or to furnish him with a defence, the recovery against the surety is the measure of his damages against his principal, and the record is conclusive evidence.

The principle must be the same between the sureties, and for the like reason, more especially in view of the statute which, when the principal is insolvent or out of the State, allows a surety, who had paid the debt, to recover contribution from a co-surety of the latter, a ratable part. *The Code,* § 2094. All the elements entering into and constituting civil responsibility are found in the facts of this case. The executors were for a time in the action, and were cognizant of its aims, and they retired from it, not for anything done by the present plaintiff, but solely because the money could more readily be made out of a solvent estate, without the delay of an inquiry into the condition of the surety represented by the executors, and the resources in their hands.

II. The plaintiff proposed to show, by the oath of the Clerk and of one of her attorneys, that, after diligent search in the office, the papers relating to the amendment made in the form of the judgment, the papers showing it to have been done, could not be found, and that the docket only contained this memorandum at Fall Term, 1879: "Motion to amend judgment granted," with the view of letting in secondary evidence of the action of the Court.

This being deemed sufficient proof of the loss, she was allowed to introduce a certified copy of the record of the Supreme Court, to which a transcript had been sent on the appeal from the Superior Court. The defendant objected to the introduction of secondary evidence, for that, the loss of the original, in the motion to amend, had not been sufficiently shown. The objection was overruled, the Court finding that the loss, after so diligent a search, had been established.

It is only necessary to say of this exception, that if there was evidence of the loss before the Judge, his finding the fact is not the subject of review in this Court, but is conclusive of the matter. Thus when the question is, whether a confession was voluntarily made, or superinduced by fear or hope held out, the finding by the Judge is the determination of a fact, not examinable on appeal, but the ruling as to what such fear or hope is, which shall exclude, is a matter of law, an error in regard to which is open to review and correction. *State* v. *Vann*, 82 N. C., 631; *State* v. *Sanders*, 84 N. C., 728; *State* v. *Efler*, 85 N. C., 585; *State* v. *Burgwyn*, 87 N. C., 572.

In like manner, the presiding Judge must, himself, determine the fact upon which the competency of a witness to testify depends, upon a preliminary inquiry, as whether a person is an expert, so as to give an opinion to the jury. *State* v. *Secrest*, 80 N. C., 450; *Flynt* v. *Bodenhamer*, Ibid., 205; or whether the witness was of mixed blood, when, under the former law, he would not be competent to give evidence against a white person. *State* v. *Norton*, 1 Winst., 303; or the search for a lost paper, was sufficient to admit proof of its contents. *Kidder* v. *McIlhenny*, 81 N. C., 123; *Jones* v. *Call*, 93 N. C., 170; *Stith* v. *Lockabill*, 68 N. C., 227.

The plaintiff was then, after objection, which was not sustained, allowed, after offering direct evidence of the insolvency of James A. Covington, by producing judgments and unsatisfied executions issued and returned, to prove the general repute of his insolvency, and that of D. B. McKenzie,

where they were known, for some years before the bringing of this suit.

There is no error in admitting the testimony as to insolvency, which, in the words of HENDERSON, J., in *State* v. *Cockran*, 2 Dev., 63, is, in his opinion, "the best, and almost the only, proof by which such facts can be established." They exist, he continues, "in reputation, for although proof may be had that a person had much property in possession, yet, when the question arises, collaterally, recourse must be had to common reputation as to his being the owner, and not to the title deeds, and, especially, whether he is a moneyed man." * * * "Besides, it is of such a character that it is almost impossible for it to become reputation, unless the fact be so." *Smith* v. *N. C. R. R. Co.*, 68 N. C., 107.

4. In further proof of the inability to make the money out of the principal debtor, James A. Covington, it was shown, upon oral testimony from H. C. Wall, that his exemptions were laid off not long after obtaining the judgment, and the excess, a mule and fifty acres of land, sold and bought by witness; that subsequently, in 1878, the land allotted as a homestead was also sold under execution, and purchased by a son of the debtor, bearing the same name, and paid for with money ($350) loaned him by the witness.

After diligent search in the office of the Clerk, by the present Clerk, who had been Sheriff, and made the sale, assisted by J. W. Cole, no record or papers relating to the allotment of the exemptions could be found. There was, however, shown an entry on the judgment docket, showing that execution had issued on a judgment in favor of H. C. Wall against the debtor, returnable to Spring Term, 1886.

The witness Long, acting as Sheriff at the time, testified to the fact that an execution did come into his hands as described in the entry, under which, after an assignment of property exempt, he sold the excess.

---

---

Witnesses were also introduced and permitted, after objection, from defendants, overruled, to testify to the facts, and that there was such a setting apart of exempt property in the manner prescribed by law. The error assigned is, that the proceeding is required to be in writing and filed in the Clerk's office, and no sufficient proof had been given of its loss.

What has already been said upon this point, disposes of the exception without further remark.

There was also evidence of the sale of the homestead itself, by the Sheriff, under executions issued at the instance of H. C. Wall and others, on judgments recovered by the several parties, and its conveyance to the same persons that bought the excess, one of said judgments being upon a debt contracted in 1865—and the disposition of what estate was left at his death by the co-surety McKenzie. The plaintiff further offered the report of the referee, in the present case, to show that the executor had some assets. The objection to this latter is based upon the fact, that exceptions to the report had not been passed on, and as this is directed not so much to its *competency* as to its *effect*, we forbear further comment.

The defendants then proposed to sustain their defence under the statute of limitations, by proof of advertisement for creditors of the estate of E. P. Covington, which was ruled out as immaterial, and to which they excepted.

In this there is no error, for the statute begins to run against a surety paying a debt only from the time of his sustaining damage, as has been repeatedly decided. *Sherrod* v. *Woodward*, 4 Dev., 360 ; *Reynolds* v. *Magness*, 2 Ired:, 26 ; *Ponder* v. *Carter*, 12 Ired., 242; *Parham* v. *Green*, 64 N. C., 436.

The plaintiff asks that certain instructions be given to the jury :

1. If, by the exercise of reasonable diligence, plaintiff could not, at the time the cause of action accrued, have collected any part of the debt out of J. A. Covington, the jury will respond to the second issue, Yes.

2. If the property of said Covington, at the time the cause of action accrued, was insufficient to pay any part of his debt, the jury will respond to the second issue, Yes.

3. If the jury believe, that if the plaintiff paid the amounts set forth in the complaint, on a judgment obtained against her in the action on the bond of James A. Covington, as administrator of John P. Covington, and that the amounts were paid on or before 5th April, 1877, and further, that James A. Covington is wholly insolvent, then the jury will respond to the third issue, " Yes, in the sum of $3,034." Given.

4th. That if plaintiff paid the said amounts on said judgment, then, even if plaintiff could have made part of her claim out of him, but not all, the plaintiff would be entitled to recover one half of the amount paid, (McKenzie's estate being admitted insolvent,) less the amount that could be recovered out of James A. Covington, and the plaintiff would be entitled to recover one half of what would remain after deducting from the amount of payments the amount that could have been collected from James A. Covington. Given.

5th. That James A. Covington was, and is, entitled to his homestead and personal property exemptions, as against plaintiff's claim, and under any execution issued on a judgment recovered on said claim against him. Given.

6th. That if the jury finds that James A. Covington's homestead was laid off to him in 1876, prior to the time plaintiff paid the money, and the excess was sold under the Wall execution, and all that time there was a judgment against James A. Covington, recovered upon a debt contracted prior to 1868, and that under an execution, issued upon that judgment from the Superior Court, the homestead

was sold, and James A. Covington had no real estate but that so sold, and has now no personal or real property over and above that allowed him by law, as an exemption, then they will respond to the second issue, "Yes." Given.

7th. That if E. P. Covington was a party to the action on the administration bond of James A. Covington, and knew of the judgment against the plaintiff before this action was brought, he was put on inquiry as to the payment made by this plaintiff, and, in law, is presumed to have known that plaintiff had paid the judgment. Given.

The defendant asked for the following instructions, which were given or refused, as herein set forth:

1st. That the homestead and personal property exemptions are not good against plaintiff's claim. Not given.

2d. That if the jury believe James A. Covington had any property at the commencement of this action, which could be sold under execution, jury will respond to second issue, "No." Given.

3d. That if the jury believe James A. Covington has any property now, which can be reached by an execution, jury will respond to second issue, "No." Given.

4th. That the burden of proof is on the plaintiff, to show that James A. Covington had no property at the commencement of this action, or at this time, which can be reached by execution. he not being a party to this action. Given.

5th. That insolvency in this case means that plaintiff could not, at the commencement of this action, and cannot now, find any property of James A. Covington, which could be reached by an execution. Given.

6th. That if the jury believe the evidence, they will respond to the second issue, "No." Not given.

Instructions were asked by the plaintiff with reference to the insolvency of B. B. McKenzie's estate, but the defendants admitting that it was insolvent, and consenting that the first

issue should be answered affirmatively, the instructions were withdrawn.

It was contended in argument by the defendants, that James A. Covington was a necessary party to this action, and that plaintiff could not recover without his presence as a party.

The Court was of the opinion, and so held, that the objection of defendants, now for the first time made, should have been by demurrer.

The jury rendered the verdict set forth in the record.

In the application by the defendants for a new trial, the errors are assigned, in the reception of incompetent evidence, in the instructions given at plaintiff's request, and in refusing such of those asked for defendants as were not given, which being denied, and judgment rendered, the defendants appealed.

Under the rule of practice, we consider only such errors as are set out in the record of the motion for a new trial, understanding all others, in the form of exceptions, taken during the hearing of the trial, upon a more deliberate examination to have been abandoned. Moreover, we do not admit an assignment of errors in an entire charge, consisting, as here, of a series of distinct propositions, seven in number, but a specific pointing out of the alleged errors is required, or they will not be noticed. *Bost* v. *Bost*, 87 N. C., 477; *McDonald* v. *Carson*, 94 N. C., 497; *Williams* v. *Johnson*, Ib., 633, and other cases.

None such as are pointed out in the series of instructions of the plaintiff, and the general terms in which reference is made to them, as a body, in the application for a new trial, come under the rule.

Of the defendants' refused instructions, that numbered 6 relates to the credit to be given to the evidence, and this is exclusively the province of the jury to determine.

The first of these, involving the liability of the exempted

estate, real and personal, to the plaintiff's debt, seems not to be pertinent to any issue between the parties. That land has also been sold under execution, upon a debt contracted in 1865, and has passed beyond the reach of any process to be sued out by this plaintiff. If, but for this, it could have been sold in this action, it is no longer so liable, and hence the instruction expresses but a speculative proposition. The creditor, who sued and recovered of this plaintiff, has forced payment from the assets of her testator, and upon every principle she may seek contribution from one equally liable for the debt, and this in an action at law. Fell's Guar. and Surety, 260, 297; *Powell* v. *Matthis*, 4 Ired., 83.

The statute gives the action against a co-surety whenever "the principal shall be insolvent or out of the State,"—that is, when this state of things exists at the time when the action is prosecuted—not when the creditor prosecuted his action against the surety, for he could compel payment by suing the surety alone, whatever property the principal debtor might then have. *Code*, § 2094.

While, then, these exemptions may not prevail against a surety whose right of action springs out of an implied contract between sureties, as it does out of the relation of the principal to each, though the right to sue upon it begins at the time of payment, it can have no bearing in the present case, as it is no hindrance to the plaintiff's action.

The remaining objection, that James A. Covington is a necessary party, if possessing any force, when made in apt time, finds its answer in the fact, that his relations to the controversy appearing in the complaint, the remedy was by demurrer, and, if they did not so appear, by answer, bringing out the facts and insisting upon the objection. *Code*, § 239, par. 4, §§ 241 and 242.

It must be declared that there is no error, and the judgment is affirmed.

No error.                                    Judgment affirmed.