W. B. MOORE et al v. DARIEN SMITH et al.

*Action Against Administrators—Foreign Judgment—Sureties—Equity.*

1. Where a judgment was obtained in another State against the administrators and sureties of a deceased administrator, and an action was instituted in this State for a settlement, such judgment is competent evidence against and binding upon the administrators and their privies, it appearing that such administrators were present and resisting the recovery in the foreign Court.

2. In an equitable action for the settlement of the estate of a deceased administrator and to satisfy a judgment obtained in another State against his personal representatives and the sureties on his bond, such sureties may intervene and receive credit for what they have paid on the judgment, remaining liable to plaintiffs for any balance due on the judgment in excess of what may be realized in the present action.

CIVIL ACTION, heard before *Bryan, J.*, at January Term, 1895, of ROCKINGHAM Superior Court.

1. In July, 1862, Pleasant W. Moore died intestate in Henry County, Va., and in October, 1862, Drury Smith was duly qualified as administrator of said Moore in Rockingham County, N. C., and filed his bond in the penal sum of $20,000, with H. C. Wooten, James W. Trent and John W. Morris as sureties on said bond, all of said sureties being then and now citizens of Henry County, Va. The plaintiffs are the heirs-at-law and distributees of said P. W. Moore.

2. In 1872 said Drury Smith died intestate and the defendants, Darien Smith and G. W. Smith, were in January, 1873, duly qualified as his administrators and the other defendants are the heirs-at-law and distributees of said Drury Smith.

3. In 1878 the plaintiffs instituted a suit in Henry County, Va., against the defendant Administrators and their said sureties for an account and settlement of their said estate, which resulted in a judgment in the Court of Appeals of Virginia against the defendants and by a decree of the Chancery Court of Virginia said sureties' lands are ordered to be sold to satisfy said judgment, which is still unpaid.

4. Said Drury Smith's estate is still unsettled and this action is brought for a settlement thereof and to have lands sold to satisfy their judgment. At February term, 1892, said James W. Trent and John W. Morris were made parties plaintiff in this action, who filed an amended complaint, alleging that they were in danger of having their lands sold to satisfy the Virginia judgment and praying the court to protect them by requiring the representatives of their principal in said judgment to satisfy the same out of the real and personal property of the said Drury Smith's estate. Judgment, for plaintiffs against defendants was rendered, from which defendants appealed.

*Messrs. Watson & Buxton,* for plaintiff.

*Messrs. R. D. Reid, Glenn & Manly* and *Shepherd & Busbee,* for defendants (appellants).

FAIRCLOTH, C. J. (after stating the facts): His Honor ordered an account of the estate of Smith to be taken and reserved the question of the personal liability of the defendant administrators until the referee's report is filed. The

question more elaborately argued before us was as to the effect of the Virginia judgment against the defendant administrators, Darien and G. W. Smith.    We find it unnecessary to enter into that question, because that judgment was unquestionably valid against the sureties Trent and Morris, who are now plaintiffs in this action.    That judgment is also competent evidence against the defendant administrators and their privies, it appearing from the record that the administrators not only had notice but were present and resisting the recovery against them and the sureties of their intestate, as principal debtor.    *Lewis* v. *Fort*, 75 N. C., 251 ; *Hare* v. *Grant*, 77 N. C., 203.

The further objection was taken that plaintiffs, Trent and Morris, could not recover, as they are indemnified, until they have paid the debt against their principal.    In an action at law this position would be tenable, but it is not so in a Court of equity, and for this reason they were properly allowed to be made parties plaintiff.    The exercise of this equitable jurisdiction works out just results, i. e. the other plaintiffs are enabled to receive the money due them, the real debtor is compelled to pay it and the plaintiff sureties are relieved from jeopardy.    *Ferrer* v. *Bunett*, 4 Jones Eq., 455 ; *Quickell* v. *Henderson*, 6 Jones Eq., 286 ; *Scott* v. *Timberlake*, 83 N. C., 382. Of course the plaintiff sureties would remain liable on the Virginia judgment for any balance not realized in this action.    If it appeared that there were any creditors of Smith's estate, they would be necessary parties to enable those sureties to avail themselves of this equitable relief; but in their absence, the heirs and distributees are the next entitled and they are present in this proceeding to receive the money due by defendants.

It will be the duty of the Court below to direct that the plaintiff sureties receive no more than they have paid on

said judgment to the use of the other plaintiffs since its rendition and that the other plaintiffs receive the balance of the recovery according to their several rights.

With these modifications, the judgment is affirmed.

Affirmed.