## JOSEPH D. KEATON v. G. B. JONES.

*Receipt—Acknowledgment of Money Paid—Contract—Parol Evidence.*

1. A receipt in full, when it is only an acknowledgment of money paid and does not constitute a contract in itself, is only *prima facie* conclusive, and the recited fact may be contradicted by parol testimony.

2. A memorandum signed by the parties to a transaction and stating " this is to show that J. & Co. and J. D. K. have this day settled all accounts standing between them to date and all square, except the balance of $300 as dealing with and through S. & Son, for which amount we hold both responsible," is not a contract, but only evidence of a settlement, and subject to be explained by parol proof.

CIVIL ACTION, tried before *Robinson, J.,* and a jury, at Spring Term, 1896, of PERQUIMANS Superior Court. The facts appear in the opinion of the Chief Justice. His Honor on the trial charged the jury that if they should find that there were sunken logs, and that they were not taken into consideration at the time of settlement between the plaintiff and defendants, then plaintiff could go behind the receipt and would be entitled to recover whatever amount the jury found to be the value of the lost logs at the contract price. Defendants excepted and appealed from the judgment rendered on the verdict for the plaintiff.

*Messrs. W. M. Bond* and *R. C. Strong,* for plaintiff.
*Mr. E. F. Aydlett,* for defendants (appellants).

FAIRCLOTH, C. J. : The contract alleged in the first article of the complaint and admitted by the answer was " that on or about the _____ day of February, 1893, defendants

KEATON *v.* JONES.

agreed and contracted with plaintiff to buy from him, at five dollars and fifty cents per thousand, all the logs which he would cut and put in tug-boat water in Perquimans River during the year 1893. That plaintiff was to inform defendants when the logs were put in water, according to agreement, and defendants were at once to send rafting gear, measure said logs, receive them and pay plaintiff for them." Several rafts were received and paid for. One raft or lot was put in the water according to contract, but for want of rafting gear was lost.

On January 20, 1894, defendants wrote to plaintiff " to come to Elizabeth City to settle for last raft received by defendants from him." The parties met accordingly at Elizabeth City, and the following writing marked " A " was signed by each party : " This is to show that Jones & Co. and J. D. Keaton have this day settled all accounts standing between them to date, and all square, except the balance of $302.54 as dealing with and through Speight & Son, for which amount we hold both responsible (Speight & Son and J. D. Keaton)." The evidence of both parties shows that the " lost " logs were not considered nor paid for in said settlement, and for their value this action was brought.

His Honor told the jury that if the parties had a settlement of all their matters the plaintiff could not recover ; also, that if the sunken logs were not taken into consideration, then " plaintiff could go behind the receipt " and recover whatever amount they found to be the value by the contract price of the lost logs. Defendants excepted and appealed.

The defendants insist that the writing marked " A " is conclusive, and that parol evidence cannot be heard in support of plaintiff's claim unless fraud or mistake be alleged and proved. This is a misconception. When the

writing is the contract as well as a receipt, then it is conclusive except for fraud or mistake shown, but when the writing is only an acknowledgment of payment or delivery it is only *prima facie* conclusive, and the fact recited may be contradicted by oral testimony. This rule is laid down in 1 Greenleaf Ev., Sec. 305. The same was held by this Court in *Reid* v. *Reid*, 2 Dev., 247, and several subsequent cases, notably that of *Harper* v. *Dail*, 92 N. C., 394.

The writing marked " A " and relied on by defendants does not profess on its face to be a contract, nor does it recite the material parts of the contract, made about a year before, as it is admitted in the pleadings. It is only evidence of a settlement had, and was subject to be explained by parol proof.

The charge of the court was agreeable to the uniform decisions in this State, and the judgment is affirmed.

Affirmed.