## MISSOURI, K. & T. R. CO. v. ELLIS et al.

No. 9592—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

**1. Indemnity — Liability — Judgment—Conclusiveness Against Indemnitor — Damages—Parol Evidence.**

One who is required either by law or contract to protect another from liability is bound by the result of the litigation to which such other is a party, provided the former had notice of such litigation and an opportunity to control its proceedings; and a judgment against a party indemnified is conclusive in a suit against his indemnitor only as to the facts therein established. But all questions which were not determined in the first suit are open. When it is not clear from the record upon what grounds damages were re-

covered, parol evidence is admissible to ascertain whether the facts in controversy have been so determined as to settle the rights of the parties to the second suit.

**2. Damages—Personal Injuries—Negligence —Judgment—Conclusiveness Against Indemnitor.**

In a suit for a personal injury, where two or more acts of negligence are alleged, a judgment upon a general verdict therein rendered is not conclusive as to whether one or both acts of negligence were proven, in an action by the losing party in the first suit, over and against one who is bound by law or contract to hold him harmless from liability from one of the acts of negligence only. Oral evidence is admissible to prove which act of negligence alleged is the primary cause of the injury, or whether both contributed thereto.

**3. Carriers—Injuries to Passenger—Judgment—Action Against Depot Contractor for Indemnity—Issues.**

E. entered into a contract with M. to build for it a depot, to save it harmless from personal injuries caused in any manner by the execution of the contract, and made bond to comply therewith. W., a passenger on M.'s train, alighted at night, fell over a piece of timber on depot premises, and was injured. W. sued M., alleging it negligent in leaving the piece of timber on the premises and failing to light up depot premises. E. may be liable, if injury was caused by leaving stick in passageway, but not if caused by failure to light up the depot premises. Notice was given of suit to E. and bondsmen and they requested to defend, but failed to do so. A general verdict was returned against M. and the judgment thereon paid. M. then sues E. and his sureties for sum paid W. At the trial E. and sureties objected to any evidence for the reason that the first judgment was conclusive between the parties to this second suit; that is, that both acts of negligence alleged in first suit have been proven and that the parties hereto were joint tortfeasors and neither could recover against the other. The trial court adopted this theory and entered judgment for E. and his sureties. Held, that this was error; that the judgment in the first suit is not conclusive as to whether or not the leaving of the stick in the passage way or the failure to furnish light was the direct cause of the injury, or whether both contributed thereto.

Error from District Court, Pawnee County; Chas. B. Wilson, Jr., Judge.

Action by the Missouri, Kansas & Texas Railway Company to recover damages upon an indemnity contract and bond executed to it by Robert Ellis. Judgment in favor of Ellis and his sureties on the bond, from which plaintiff railway company brings error. Reversed and remanded.

Clifford L. Jackson, M. D. Green, and H. L Smith, for plaintiff in error.

Poe & Lundy, for defendants in error.

HIGGINS, J. In the lower court the parties occupied the same relative position as in this court, and will be so referred to in this opinion.

Robert Ellis contracted with plaintiff to build for it a depot, to hold it harmless from all damages to any one arising out of the execution of the contract, and made to it a bond to that effect. During the erection of the building one Clay Wheeler, a passenger on the plaintiff's train, alighted at nighttime therefrom, and, while traveling across the depot premises in the passage way customarily traveled by passengers, fell over a piece of timber lying in the passageway and suffered injury thereby. He instituted suit against the railroad, the plaintiff here, alleging it was negligent in leaving the stick of timber in the passageway and in its failure to light up the depot premises. Ellis and his sureties were notified of this suit and requested to defend, but failed to do so. It is thus to be seen that there were two acts of negligence alleged, one for which Ellis and his sureties may be liable, to wit, the leaving of the piece of timber in the passage way; and the other for which he may not be liable, to wit, the failure to light up the depot premises. The jury returned a general verdict in that case for Wheeler, upon which a judgment was entered and paid by the railroad

The railroad, the plaintiff herein, brings this suit against Ellis and his sureties upon the contract and bond, and in its pleadings it sets up the contract and bond sued upon and the pleadings, notices, verdict, judgment, and payment thereof in the Wheeler suit. The defendants admit that the record in the Wheeler suit is a true record, but plead that the act of negligence pleaded in that suit, to wit, failure to light up the depot premises, was either the sole or contributing cause of the injury to Wheeler, and that, as they were not required to light up the depot premises for the passengers of the plaintiff, they therefore were not liable.

At the trial the defendants herein objected to any evidence for the reason that the judgment in the Wheeler suit was conclusive between the parties to the suit; that under the general verdict both acts of negligence had been proven; that therefore the finding of the jury that the depot premises were not lighted made the railroad company a joint tortfeasor, and, as such, it could not recover over and against them. The trial court adopted this theory and entered a judgment for the defendants, from which judgment an appeal has been taken to this court.

This appeal must turn on the question as to what issues the judgment in the Wheeler suit is conclusive between the parties to this suit.

14 R. C. L. page 62, states:

"However, while one who is required to protect another from liability is bound by the result of litigation to which such other is a party, provided the former had notice of such litigation, and an opportunity to control its proceedings, a judgment against a party indemnified is conclusive in a suit against his indemnitor only as to the facts thereby established. The estoppel created by the first judgment cannot be extended beyond the issues necessarily determined by it. Thus, a judgment recovered by a third person against a city for injuries sustained by reason of a defective highway is conclusive on the persons bound to keep the same in repair, and who had notice of the pendency of the action, on the points that the highway was defective, that the person suffered injury while exercising due care, and that he suffered damage to the amount of the judgment; but it is not conclusive against them that they were bound to keep the highway safe; that they were guilty of negligence; nor on the question that the damage was caused by their sole fault."

22 Cyc. 107, states:

"But all questions which were not determined in the first suit are open. When it is not clear from the record upon what ground damages were recovered, parol evidence is admissible to ascertain whether the facts in controversy have been so determined as to settle the rights of the parties to the second suit."

Littleton v. Richardson, 34 N. H. 179, 66 Am. Dec. 759, is similar to this case. The statutes of New Hampshire provided that anyone obstructing the highway was liable to the town for all damages and cost which it was required to pay on account of such obstruction. Richardson placed a large stone in the highway. At this place in the highway one Shute was injured. He sued the town of Littleton, alleging that his injuries were caused by the negligence of the town in permitting this large stone to remain in the highway and in not guarding the high embankment at the place of the injury. It appears that his horse became scared at this large stone and the wagon was backed off the high embankment and was overturned, injuring him. Richardson was notified of the suit, by the town, and requested to defend, but he failed to do so. In the trial of the Shute case a general verdict was returned against the town, the jury not having made a special finding as to whether one or both of the acts alleged had been proven, and judgment was entered on this verdict against the

town, which was paid. The town then, in turn, brought suit over against Richardson, charging that he was negligent in placing the stone in the road. When this matter came on for trial, Richardson sought to introduce evidence that the sole cause of the injury was the failure to guard the high embankment at the place of the injury. The town, as the defendants did in this action, objected to this evidence, claiming that the judgment was conclusive, and the trial court, as the trial court in this action, sustained this objection, holding that the judgment in the Shute case was conclusive that both acts of negligence had been proven, and as the principle of joint tortfeasor could not be applied against the town, it entered judgment therefor in favor of the town against Richardson for the amount that the town was required to pay Shute under his judgment. Richardson was liable to the town if the placing of the stone in the highway was the cause of the injury or contributed thereto, but he was not liable if the failure to guard the high embankment was the sole cause of the injury. Upon appeal to the Supreme Court, that court held that the judgment in the Shute case was not conclusive in the Richardson case as to whether the placing of the stone or the failure to guard the embankment was the cause of the injury; and that the trial court erred in not submitting the evidence to the jury for their determination upon that issue.

Boston & Main R. Co. v. Brackett, 71 N. H. 494, is a case very similar to the case at bar. John W. Wright, an employe of the railroad, instituted suit against it for damages for personal injuries, alleging that he was moving some cars on the sidetrack when one turned over, resulting in his injury; that the company was negligent in failing to keep the track in repair and in its failure to notify him that one of the cars was off the track at the time he attempted to move these cars from the track. Brackett was notified of the suit and requested to defend, but did not do so. At the conclusion of the trial the court submitted one of these acts of negligence, to wit, the failure to keep the track in repair, to the jury; but the other act of negligence was not submitted, presumably for the reason that there was no evidence tending to prove the same. The jury made a special finding that the failure to keep the track in repair was the cause of the injury. A verdict was returned in favor of Wright, and the judgment upon this special finding and verdict was entered in favor of Wright against the company. The railroad company then instituted suit against Brack-

ett on a contract wherein he had agreed to keep the sidetrack where the injury occurred, in repair. When the matter came on for trial the record made in the Wright case was by the plaintiff introduced in evidence to prove that the act of negligence which caused the injury was the failure to keep the track in repair by Brackett. Brackett was liable if the failure to keep the track in repair was the primary cause of the injury, but he was not liable if the primary or contributing cause of the injury was the failure to notify Wright that a car was off the track. The trial court in that case, as in this case, held that the judgment in the Wright case was conclusive on all issues raised therein and refused to hear evidence as to whether or not the failure to notify Wright that the car was off the track was the direct or contributing cause of the injury, and entered judgment in favor of the railroad company for the amount which it had paid on the Wright judgment. The case was appealed to the Supreme Court, and that court held that the judgment in the Wright case was not conclusive between the parties to this suit as to whether or not the failure to keep the track in repair by Brackett was the cause of the injury to Wright, and that the evidence whether or not the railroad company was negligent in not notifying him that one of the cars was off the track should have been heard and the issues thereon raised, with the law properly applicable thereto, should have been submitted to the jury, stating:

"The judgment in Wright's action established the railroad's responsible fault as to him, his injury and its extent measured by the damages awarded, and his freedom from fault."

City of Boston v. Worthington, 10 Gray (Mass.) 496, 71 Am. Dec. 678, is an action wherein a party by the name of Southwick brought a suit against the city of Boston to recover damages for an injury received in falling into a cellar way which projected into the highway and was not properly protected by a railing. Southwick sued the city for damages, whereupon the city notified the parties who had custody and charge of the place of the accident that it had been sued and that it would hold them liable for any judgment rendered against it. They defaulted, as in this case. Judgment went against the city and was paid by it. The city then sued these parties occupying the premises where the injury occurred, for the amount of the judgment by it paid. The court stated:

"Southwick's judgment against the plaintiff is conclusive against the defendants, as to all the facts thereby established, provided the defendants had due notice of the pendency of the action in which that judgment was recovered, and had an opportunity to defend it."

It is again stated in the same opinion:

"The judgment recovered by Southwick against the plaintiffs is conclusive against these defendants on three points: that the highway in Congress square was defective; that Southwick was injured there while using due care; and that he suffered damage to the amount of $12,000. But it is not conclusive against the defendants on the question whether they were bound to keep the highway safe, or if they were, that they were guilty of such negligence as would charge them in this suit, or would have charged them if Southwick had brought an action against them; nor on the question whether Southwick's damage was caused by their sole fault. On a new trial of this action, which must be ordered, the defendants may be permitted to show that they were not bound to make the highway safe, or if they were, that Southwick's injury was not caused solely, if at all, by their fault. If it was caused by the joint fault of the plaintiffs and defendants, the plaintiffs cannot recover. One of two joint wrong-doers cannot have either indemnity or contribution from the other, although he may have been compelled to pay the whole amount of the damages caused by their joint wrong."

The principle of law deducible from the above and foregoing text-book authorities and opinions of the appellate courts is that in a suit for personal injury, where two or more acts of negligence are alleged, a judgment rendered thereon is not conclusive as to whether one or both acts of negligence were proven, in an action brought by the losing party over against one who is bound by law or contract to hold him harmless from liability from one of the acts of negligence only.

Under the above authorities we believe, and so find, that as a matter of law that the judgment in the Wheeler case is conclusive between the parties to this suit that the passage way over the depot grounds and over which Wheeler was traveling at the time of his injury was defective, and that he was injured while in the exercise of due care, and that he suffered damages to the amount of the sum paid to him by the railroad; but that it is not conclusive as to whether the injury was brought about by the negligent acts of the plaintiff or of the defendant, or whether both contributed thereto.

In the trial of this case the plaintiff offered a transcript of the evidence of the

witnesses who testified in the Wheeler suit. The purpose of this evidence is not disclosed by the record. We do not believe that this evidence is admissible and binding on the parties to this on issues not concluded by the judgment in the Wheeler suit; therefore we believe that this evidence cannot be admitted for the consideration of the jury in order that it may weigh the same in considering which party was negligent at the time Wheeler was injured or upon what theory the jury in that case decided the issue. We believe, and so find, that it was the duty of the trial court to hear the evidence of the plaintiff and submit the issue to the jury whether or not the defendant Ellis was negligent, and whether this act of negligence, if any, by him was the proximate cause of the injury to Wheeler. If the railroad company was without fault on its part and compelled to pay damages to Wheeler on account of the negligence of Ellis, then it should recover in this suit.

For the sake of brevity we have omitted many of the details set forth in this action. Some of the principles of law discussed in the briefs are omitted for the reason that, under the finding herein the trial court erred in not admitting the evidence of the plaintiff, a discussion of these principles would be dicta.

Cause reversed and remanded.

OWEN, C. J., and RAINEY, PITCHFORD, and BAILEY, JJ., concur.