## SAXON v. NATIONAL SURETY CO.

No. 17704. ·Opinion Filed March 6, 1928.

(Syllabus.)

1. **Guardian and Ward—Action by Wards After Attaining Majority to Set Aside Decree of Final Accounting for Fraud Extraneous to Issue—Joinder with Action on Guardian's Bond—Guardian not Necessary Party.**

A decree, entered in a final accounting, by a county court in a guardianship proceeding, may be set aside in an action in equity, brought by the ward after attaining majority, in the district court, upon the ground of fraud, where the fraud pleaded and relied upon is extraneous to the issue, and such as prevented the complaining party from having a fair hearing, though such action be joined with an action at law against the surety of the guardian, and the guardian is not a necessary party.

2. **Same—Guardian Bound by Judgment and Liable to Surety for Amount Recovered.**

In such action, where guardian is notified by the surety and requested to defend, and fails to do so, such guardian is bound by the decree and judgment, and may not, in the absence of fraud in the procurement thereof, contest the same in a subsequent action brought by the surety against him to recover the amount of the judgment and costs recovered against and paid by the surety.

Commissioners' Opinion, Division No. 2.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by the National Surety Company against J. W. Saxon. Judgment for plaintiff, and defendant brings error. Affirmed.

T. G. Cutlip, for plaintiff in error.

Abernathy & Howell, for defendant in error.

DIFFENDAFFER, C. This action was commenced by the National Surety Company, hereinafter referred to as plaintiff, against J. W. Saxon, hereinafter referred to as defendant, to recover the sum of $753.55, theretofore paid by plaintiff upon a judgment recovered by a former ward of defendant upon a guardian's bond, upon which defendant was principal and plaintiff was surety.

About December 8, 1900, defendant, J. W. Saxon, was appointed by the probate court of Pottawatomie county as guardian of the joint estates of two minors. On January 27, 1905, pursuant to an order of the probate court, defendant executed a bond in said matter with plaintiff, National Surety Company, as surety. On or about November 9, 1912, defendant filed a report in the guardianship proceedings and tendered his resignation as such guardian. The report, treated as a final report, was approved by the probate court on January 8, 1913, except as to an item of $49.55, taxes on real estate of the wards, which was ordered paid within five days, which was paid within the time designated, and the resignation was accepted, a successor appointed, and an order made discharging Saxon and his surety from the bond. Thereafter, about the 16th day of April, 1918, the wards, having come of age, filed suit in the district court against the surety company, as surety on the guardian's bond, in which they set up two causes of action; the first cause of action being in equity, alleging fraud in the procurement of the order approving the final report and discharging the guardian and his surety, and praying for its cancellation. The second cause of action set up the same acts of fraud, and pleaded that by reason of said fraud the guardian had retained the sum of $1,413.06, money belonging to the wards, for which sum judgment, with interest, was prayed.

Saxon was not made a party to that suit. It was alleged that he was then a nonresident of the state and absent therefrom, and that he had no property in the state of Oklahoma subject to execution. The surety company defended that suit, and in the course thereof notified Saxon, who, it appears, was then in Arkansas City, Kan., of the pendency of the suit, and asked him to appear at the trial and assist in the defense. He promised to do so, but failed to appear at the trial. The court in that case found and held, as to one of the wards, Mabel A. Raymond, that the suit was not commenced within three years after she became of legal age, and that as to her the action was barred. As to the other ward, Rosa G. Von Vihl, the finding of the court was:

"The court further finds that the records in said guardianship proceedings show that said Saxon was, as guardian of said plaintiffs, guilty of gross fraud in administering said trust; the court finds that the evidence of fraud by said Saxon extraneous to the issue deprived said wards of a fair opportunity to present their case, and that fraud vitiated the judgment of the county court approving the final report of said guardian."

Upon this finding the court rendered judgment in favor of the ward, Rosa G. Von Vihl, and against the surety company in the sum of $701.55.

The company appealed, but thereafter the appeal was dismissed, and the surety company paid the judgment, interest and cost;

to recover which, the action in the instant case was brought.

It is urged that the court was without power to render judgment against the surety company in an action in which Saxon was not made a party, without first proceeding in the county court to have the order and decree of that court, approving the final account of the guardian and discharging him and his surety from liability, set aside.

Many cases are cited by defendant, and it may be said, as a general rule, that an action at law upon a guardian's bond cannot be maintained until the probate court has adjusted the account of the guardian and ordered him to pay over the amount found to be in his hands.

"A decree, duly entered on a final accounting by a county court, in the absence of mistake or fraud, and from which no appeal is taken, is conclusive on the administrator and the sureties on his bond." Shipman, Adm'r, v. Brown, 36 Okla. 623, 130 Pac. 603.

But such a decree may be set aside upon the grounds of fraud, but the fraud which will justify the cancellation thereof in an action in equity must be extraneous to the issues and such as prevented the complaining party from having a fair hearing. Brown v. Trent, 36 Okla. 239, 128 Pac. 895.

The finding of the court, above quoted, in the action against the surety, is of fraud of such nature. The allegations of fraud contained in the petition are plainly of fraud of such nature, and it will be presumed that there was evidence to support the finding of the court.

It is contended that the finding and judgment in that case were not binding on Saxon in that he was not made a party thereto.

The plaintiff, surety company, alleged in its petition, and the trial court found from the evidence, that during the pendency of the suit of the ward against the surety company, the surety company notified Saxon of the pendency of said suit and requested him to defend, and requested him to attend the trial, all of which he refused to do.

The rule as stated in 21 R. C. L. p. 1097 is that where a surety is sued alone he may notify the principal to defend his suit, and upon his failure to indemnify him, the surety, upon paying the judgment against himself, may, in the absence of fraud, recover the amount paid from the principal, whether the principal was actually liable or not. See, also, Konitzy v. Myer, 49 N. Y. 572.

There is no claim of fraud, and the record discloses that the surety company defended and succeeded in defeating the claim of one of the wards.

The rule, as stated, has been applied to a guardian's bond in Hare v. Grant, Adm'rs, 77 N. C. 203, where the court said:

"Where a surety is sued with his principal, or where he is sued alone and notifies his principal, the recovery against the surety is the measure of damages in an action by surety against principal for money paid to his use, and the record of such recovery is conclusive against the principal in such action."

In Missouri, K. & T. R. Co. v. Ellis, 78 Okla. 150, 189 Pac. 363, it is said:

"One who is required either by law or contract to protect another from liability is bound by the result of the litigation to which such other is a party, provided the former had notice of such litigation and an opportunity to control its proceedings. * * *"

Saxon had notice of the former suit, and was requested to defend and failed to do so. He is, therefore, bound by the result of that suit.

The judgment should be affirmed.

BENNETT, HERR, JEFFREY, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1240, §413; p. 1241, §414; p. 1242, §415. (2) 31 C. J. p. 460, §60.