## UNITED STATES FIDELITY & GUARANTY CO. v. DAWSON PRODUCE CO.

No. 26071. May 18, 1937.

Thos. H. Owen and Paul N. Lindsey, for plaintiff in error.

Ned Looney and F. C. Love, for defendant in error.

BUSBY, J. On January 6, 1933, Prama Singhrs sustained a personal injury when he fell into an elevator shaft in one of the buildings operated, controlled, and used by the Dawson Produce Company. On the second day of June, 1933, he instituted an action in the district court of Oklahoma county seeking to recover damages from the Dawson Produce Company on the theory that the personal injury sustained by him was occasioned by the alleged negligent manner in which the company maintained its premises.

On the 7th day of December, 1933, the case was tried to the court and resulted in a judgment in favor of Singhrs for the sum of $2,200. This judgment was paid by the Dawson Produce Company.

On March 5, 1934, the Dawson Produce Company, a corporation, as plaintiff, commenced this action in the district court of Oklahoma county against the United States Fidelity & Guaranty Company, as defendant, to obtain reimbursement, including costs of defense, under the indemnity features of an employer's liability contract of insurance, asserted to have been issued by the defendant and in effect when the personal injury was sustained by Singhrs.

The policy upon which the action is predicated is what is known as a "standard workmen's compensation and employer's liability policy" and contains the following provisions which are pertinent to the action:

"One (b) to Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. * * *

"Three—to Defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

The plaintiff asserted in its petition that when it was sued by Singhrs it notified the defendant insurance company of the fact and called upon it to defend the action, which the defendant refused to do. The plaintiff also asserted in its petition that Singhrs was one of its employees at the time the personal injury was sustained and that in the previous action he was adjudicated to be such an employee. As a part of the assertion of adjudication of this point a copy of the journal entry of judgment rendered in the prior action was attached to the petition which contained a special finding so reciting.

In its answer the defendant insurance company, among other alleged defenses, asserted that Singhrs was not in fact an employee of the Dawson Produce Company and that the alleged adjudication of that relationship was not a conclusive determination of that relationship as to the defendant insurance company. The defendant did not deny the execution of the insurance policy.

The trial court sustained a demurrer to the defendant's answer (which was its third amended answer). The defendant elected to stand upon its answer, whereupon judgment was entered for the plaintiff. The defendant appeals. We shall continue to refer to the parties by their trial court designation.

The only real and meritorious point in this appeal is whether the insurance company, having been notified of the pendency of the prior action and called upon to defend the same and having failed to do so, is now conclusively bound by the adjudication or attempted adjudication therein made whereby it is asserted to have been determined that Singhrs was an employee of the Dawson Produce Company at the time of his injury.

Section 9648, O. S. 1931, provides:

"Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person."

Section 9654, O. S. 1931, provides in part as follows:

"In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: * * *

"Fifth. If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter,

suffered by him in good faith, is conclusive in his favor against the former."

This statute, in the absence of a contractual provision to the contrary, makes the recovery against the person indemnified conclusive against the indemnitor. But note should be taken that it is the **recovery** which is conclusive, if the person is **in fact indemnified,** and the recovery does not in itself conclusively establish that the person claiming to be indemnified **is in fact indemnified.** In other words, the question of whether the party against whom recovery is had **is indemnified** is still open to dispute, notwithstanding the recovery. See, generally, in this connection Saxon v. National Surety Co., 129 Okla. 300, 264 P. 885; Missouri, K. & T. R. Co. v. Ellis, 78 Okla. 150, 189 P. 363; Washington Gas Light Co. v. District of Columbia, 161 U. S. 316, 16 S. C. 564, 40 L. Ed. 712.

However, it is generally agreed that any question determined in the action against the party claiming to be indemnified which was actually an issue and necessary or material to a determination of the action cannot be asserted to have been improperly determined by an indemnitor who was notified of the pendency of the action. Columbia Casualty Co. v. Hare (Fla.) 156 So. 370; Tondi v. Fidelity & Casualty Co. of N. Y. (Md.) 145 Atl. 182.

The rule is stated in 31 C. J. 460-462:

"Where the indemnitor is notified of the pendency of an action against the indemnitee in reference to the subject matter of the indemnity and is given an opportunity to defend such action, the judgment in such action, if obtained without fraud and collusion, is conclusive upon the indemnitor as to all questions determined therein **which are material to a recovery against him** in an action for indemnity brought by the indemnitee. * * *

"In case of an action against the indemnitee by a third person for damages caused by the indemnitor's negligent or wrongful act, the judgment in such action, if the indemnitor had notice thereof, is conclusive in a subsequent action against him for indemnity as to the existence of the defect or other negligent or wrongful act which caused the injury, the injury to the third person, his freedom from contributory negligence, the liability of the indemnitee to him, and the amount of the damages. The former judgment, however, is not conclusive evidence of all matters which are necessary to be proved by the indemnitee in his suit against the indemnitor. **It is not conclusive as to facts which are not in issue or not determined in the former action,** and if the facts

through which the indemnitee claims indemnity were not litigated or clearly determined they may be litigated in the action against the indemnitor through evidence additional to the record in the former action."

The limitation upon the conclusiveness of the prior adjudication as set forth in the foregoing quotations was, in a general way, recognized by this court in Missouri, K. & T. R. Co. v. Ellis, supra.

The question in the case at bar is then narrowed to the inquiry: Did the court in the prior action actually determine as a material issue in that case that Prama Singhrs was an employee of the Dawson Produce Company falling within the class against whose claims and demands the Dawson Company was indemnified by the provisions of the policy?

As we have noted, the journal entry of judgment in the former case contained a recital so finding. However, the action was one for the alleged negligent maintenance of a building in an unsafe condition. The liability of the Dawson Produce Company in the first instance did not depend upon the relationship of employee and employer between itself and the injured individual who succeeded in recovering judgment against it. The petition in the former action is attached to the pleadings in this case as a part of the same. An examination of that pleading discloses that the plaintiff in the former action alleged by detailed description the existence of a business relationship between himself and the Dawson Produce Company. The obvious purpose of that portion of the pleading was to justify his (Singhrs') presence in the building of the Dawson Produce Company at the time of the injury and prevent himself from being classified as a trespasser. **Singhrs did not in his petition seek to have the business relation thus described classified as one of employment and such a classification thereof was not essential to his cause of action.**

The finding of the court in the former action that he was an employee was therefore not responsive to any issue tendered by the plaintiff's petition in that action.

In its answer in the former action (which is also a part of the pleadings in this case), the Dawson Produce Company asserted that the action or alleged action, fell within the exclusive jurisdiction of the Industrial Commission, and in connection therewith asserted that Singhrs was such an employee as to be within the provisions of the Workmen's Compensation Act. The general judgment in favor of Singhrs in the prior action

amounted to 'a denial of this contention and a negative finding thereon. The fact that the field of liability covered by the Compensation Act does not extend to all employees is too well known to warrant a definition of the limits of that act and the hazards and employments falling within the same. When the court in the former action had determined that the plaintiff's injury did not fall within the provisions of the act, it was wholly unnecessary for it to go further 'and make an unnecessary, and (so far as the pleadings were concerned) unrequested, finding that Singhrs was an employee of the Dawson Produce Company.

The finding under discussion was entirely surplusage and not material to plaintiff's recovery in the former action. It was not within the issues.

It necessarily follows that the question of whether Singhrs was such an employee as to fall within the class against liability to whom the Dawson Produce Company was indemnified under the provisions of the policy remains to be determined in this action. The issue was framed by the pleadings in this case and should have been tried. The trial court was in error in sustaining a demurrer to the answer.

It is claimed that the finding of the court in the former action that Singhrs was an employee was inconsistent with the judgment in that case and conclusively established that the Industrial Commission, not a district court, had exclusive jurisdiction of the action. The contention is not meritorious. While the relationship of employer and employee is essential to liability under the Compensation Act, it is by no means sufficient in itself to establish liability. Many employees do not fall within the act and many of those who do, sustain injuries which are noncompensable under the act. The court in the former action had jurisdiction to, and did, determine that Singhrs' claim did not fall within the Workmen's Compensation Act. Its determination of that question is now final and immune from collateral attack.

In the briefs the case of Maryland Casualty Co. v. Whitt, 167 Okla. 261, 29 P. (2d) 65, is mentioned. That case involved a similar insurance policy to the one now before us, but concerned different provisions of the policy. It is not in point on any feature of this case.

It is pleaded in the petition of the plaintiff herein that Prama Singhrs was listed by it with the defendant company as one of its employees. Plaintiff now asserts that by reason of such listing the defendant cannot now deny that Singhrs was in fact an employee. This argument is not well taken. Plaintiff may have misinformed the defendant insurance company as to its relationship with Prama Singhrs.

The case of Brooks v. A. A. Davis & Co., 124 Okla. 140, 254 P. 66, cited by plaintiff on this point, is not authority for plaintiff's contention under the record as presented in this case.

Of course, if it should develop that the true facts concerning the plaintiff's business connection with Prama Singhrs were revealed to the insurance company, which thereupon listed him as an employee, a different question will arise for determination.

In accord with the views herein expressed, this case is reversed and remanded.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, 'and HURST, JJ., concur. RILEY, WELCH, and GIBSON, JJ., dissent.