**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, and John Roe, Plaintiffs in Error,**

v.

**Norma DAVILA and Metropolitan Paving Company, Incorporated, a corporation, Defendants in Error.**

No. 43444.

Supreme Court of Oklahoma.

Oct. 12, 1971.

Robert W. Pittman, Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiffs in error.

Jerome E. Hemry, Jerry L. Hemry, Hemry & Hemry, Oklahoma City, David R. Hardy, Ross T. Roberts, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for defendants in error.

IRWIN, Justice:

Following a car-train collision at a highway-railroad crossing, the owner and operator of the car (Norma Davila, referred to as plaintiff) commenced an action for damages against the railroad company (Rock Island) and its engineer, John Roe. Rock Island sought to join as an additional party-defendant its contractual indemnitor (Metropolitan) for the purpose of litigating in the same action its indemnity claim against Metropolitan on its indemnification claim against the latter.

The trial court sustained Metropolitan's plea to the jurisdiction; dismissed Rock Island's petition against Metropolitan; and this appeal was perfected.

The dispositive question here is whether a defendant (Rock Island) in a negligent tort action may bring in as a party-defendant its contractual indemnitor (Metropolitan) for the purpose of litigating an indemnification claim in a case in which the contractual indemnitor is liable only for its own negligence.

We hold the trial court erred in denying the joinder and dismissing Rock Island's action against its contractual indemnitor, Metropolitan.

The facts are: A car-train collision occurred at a highway-railroad crossing between a vehicle owned and operated by plaintiff and a train owned and operated by Rock Island. At the time of this occurrence Metropolitan was performing road work at the crossing under a contract with the State of Oklahoma and by that contract Metropolitan agreed to " * * * indemnify and save harmless the railroad company (Rock Island) from all actions or claims of any character * * * resulting from any act, omission, neglect or misconduct of the contractor (Metropolitan) or his employees in the performance of the work."

Plaintiff sued Rock Island and its train engineer (John Roe) to recover damages sustained as a result of the car-train collision. Plaintiff alleged negligent operation of the train; failure to exercise ordinary and reasonable care to warn her of the approach of the train; and failure to maintain proper signal lights and appropriate warning signs. Rock Island answered and by petition sought to join Metropolitan as an additional party-defendant. Rock Island alleged that under Metropolitan's construction contract with the State of Oklahoma, Metropolitan was under a duty to post appropriate warning signs and signals at the construction site to warn and protect the traveling public from harm at the highway-railroad crossing; that Metropolitan neglected to discharge its contractual duties; and that the collision was proximately caused by plaintiff's negligence or by the combined negligence of plaintiff and Metropolitan. In short, Rock Island sought to invoke the benefit of the indemnity clause contained in Metropolitan's contract with the State of Oklahoma and prayed that "if any judgment be entered against it" then the court should enter its order directing Metropolitan to indemnify Rock Island as to said judgment.

Rock Island sought to invoke the provisions of 12 O.S.Supp.1963–1970, § 323, to join Metropolitan as a party defendant. In a dismembered form and with an identifying mark placed opposite each separated part, the pertinent provisions of that statute are:

(a) All claims which arise out of the transaction or occurrence,

(b) that is the foundation of plaintiff's claim and

(c) which contain common questions of fact,

(d) may be joined in one action, and

(e) any person who is liable on such claim

(f) may be joined as a party to the action.

Metropolitan contends that Rock Island's claim to indemnity does *not* "arise out of the transaction or occurrence that is the foundation of plaintiff's claim" and does not raise any issues of fact that are common to plaintiff's claim; that Rock Is-

land's liability and loss, if any, would arise from the car-train collision, while its right to indemnify would arise, if at all, from Metropolitan's contract with the State of Oklahoma.

In Rock Island's petition against Metropolitan, it is alleged that under Metropolitan's contract of indemnity, Metropolitan was to maintain proper warning signals on the right-of-way that was occupied jointly by Rock Island and Metropolitan while Metropolitan was performing its construction contract and that the latter was negligent in failing to maintain proper warning signals. In plaintiff's petition against Rock Island, Rock Island was charged with multiple elements of negligence, some of which are attributable to Rock Island's own acts or omissions and others are of a nature which Rock Island attributes to Metropolitan. In short, in Rock Island's petition against Metropolitan, Rock Island alleges that certain acts or omissions of Metropolitan were the proximate cause of the car-train collision, and under the contract of indemnity, Rock Island is entitled to be indemnified.

The facts and circumstances surrounding the car-train collision form the foundation of plaintiff's claim against Rock Island and also give rise to Rock Island's claim for indemnity against Metropolitan. Plaintiff's claim against Rock Island and the evidence necessary to sustain a judgment in her favor remain the same whether Metropolitan is or is not joined. Rock Island's claim against Metropolitan and the evidence necessary to sustain a judgment on the indemnification contract also remain the same whether Metropolitan is joined. Both claims present common issues of fact i.e. what acts or omissions were the proximate cause of the accident? If common fact issues were tried separately an adjudication of liability against Rock Island in favor of plaintiff would not be conclusive as to the issues between Rock Island and Metropolitan Missouri, K. & T. Ry. Co. v. Ellis, 78 Okl. 150, 189 P. 363; and United States Fidelity and Guaranty Co. v. Dawson Produce Co., 180 Okl. 119, 68 P.2d 105.

Section 323, supra, was enacted to authorize the joinder and adjudication in one action of all claims that arise out of the same transaction and contain common fact issues. Its obvious object is to prevent multiplicity of litigation in related claims with common fact questions. In view of the broad language and the beneficent purpose of the statute, we are not justified in hindering its use by an overly restrictive construction.

We find absolutely nothing in the enactment that would afford a basis for requiring that all questions of fact be common to both claims. Nor do we find a basis for requiring that the theories of recovery must be the same, i.e. that the claims all be based on either contract or tort. In our opinion the car-train collision gives rise to both claims and both claims contain common issues of fact. They come within the purview of Sec. 323, supra.

Metropolitan also contends that the language "any person *who is liable* on such claim" is applicable only to any person who is "actionably liable" at the time plaintiff's claim is sought to be enforced. The basic argument advanced is that the phrase "who is or may be liable" is absolutely essential to authorize the joinder of an indemnitor whose liability does not become actionable (in the sense that a cause of action against an indemnitor does not accrue) until the indemnitee has paid the loss. 15 O.S.1961, § 427, subdivision 2. Metropolitan argues in substance, that because the phrase "who is or may be liable" is contained in Rule 14 of the Federal Rules of Civil Procedure, where it has been held to effect an acceleration of unaccrued indemnity claims so as to make them subject to impleader (Jeub v. B/G Foods, Inc., 2 F.R.D. 238) (D.Minn. 1942), no other language will suffice.

The phrase Metropolitan considers essential was doubtless included in Rule 14 to guard against overly restrictive construction such as that which New York courts were then placing on that state's § 193(2)

of the Civil Practice Act. Although that section authorized the joinder of one who "is or will be liable" on a claim in suit, the impleader under that section was held not proper where the third party was not subject to a present and absolute liability over. 3 Moore's Federal Practice § 14.02(4.–1).

We are here free from the historical and decisional ballast that the drafters of the federal rules were taking into consideration. Our task in this case is to construe statutory language in a way that is totally unimpaired either by the prior pronouncements of the New York courts or our own. The question before us is one of first impression in this state; and the legislative intent is expressed in Sec. 323 by use of some terms that are markedly different from those previously employed in our Code of Civil Procedure. For instance, in lieu of the customary terms "cause of action" the Legislature used the term "claim" in Sec. 323.

The words "liable" and "liability" have a number of different meanings that cannot be rigidly restricted to "present actionability" so as to exclude the idea of uncertainty, futurity or contingency. Rather, when we refer to one as "liable", we denote or describe "the condition of being responsible for a possible or actual loss, penalty, evil, expense or burden". Enyeart v. City of Lincoln, 136 Neb. 146, 285 N.W. 314, 317, 318; 53 C.J.S. Liability, pp. 16, 17; 53 C.J.S. Liable, p. 21.

In Cochran v. United States, 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704, it is stated that "We know of no definition of the word 'liability', either given in the dictionaries or as used in the common speech of men, which restricts it to such as are absolute, or excludes the idea of contingency. In fact, it is more frequently used in the latter sense than in the former, as when we speak of the liability of an insurer or a common carrier, or the liability to accidents or to errors; * * *."

We hold that the phrase "any person who is liable on such a claim" does not operate to limit impleader contemplated by Sec. 323 to those persons who are "actionably liable" at the time the third party claim is sought to be litigated but includes also those persons who "may be liable".

■ ■ The most serious contention advanced by Metropolitan in seeking to escape the joinder is that its undertaking to indemnify Rock Island is essentially a contract of indemnity against loss and not a contract of indemnity against liability. Our decisional and statutory law distinguishes between the two classes of undertaking. 15 O.S.1961, § 427(1) and (2). The essential difference between these two classes of contracts is that in indemnity against loss an action cannot be brought and a recovery had until indemnitee has satisfied the loss, whereas in case of undertaking to indemnify against liability, the cause of action accrues when liability attaches. Boling v. Ashbridge, 111 Okl. 66, 238 P. 421. Based on this distinction Metropolitan argues that permitting the joinder of an indemnitor against loss would in effect operate to alter our substantive law by accelerating the accrual of a cause of action against it. Assuming, without deciding, that Metropolitan's undertaking is one of indemnity against loss, which poses a tenuous question far from being easy to resolve (Alberts v. American Casualty Co. of Reading, 88 Cal.App.2d 891, 200 P.2d 37), there is no insuperable obstacle to the joinder. Sec. 323 contemplates a multi-stage proceeding because in cases of joinder the trial court may order "a separate trial of any claim *or of any* issue". The common issues raised by plaintiff's claim may thus be tried in advance of trial on Rock Island's issues against its indemnitor-contractor. No judgment need be rendered against the indemnitor (Metropolitan) until indemnitee (Rock Island) has established to the court's satisfaction that the judgment against it in favor of plaintiff has been satisfied. This is commonly done in federal courts when the third-party defendant is shown to be an indemnitor against loss rather than one against liability. See Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., 4th Cir., 199 F.2d 60.

Moreover, the joinder of Metropolitan as an indemnitor against loss will not operate to prejudice any of its rights. An indemnitor is statutorily required and bound to defend an action brought against his indemnitee "in respect to matters embraced by the indemnity". This obligation applies both to indemnitors against liability and indemnitors against loss and the obligation to so defend may attach in advance of the point in time at which indemnitor's liability to indemnify attaches. See 15 O.S.1961, § 427(4). The joinder would not alter substantive rights but merely avoid a circuity of actions and secure a prompt determination of rights and liabilities of the parties in a single cause. This doubtless was the intent of the Legislature.

Contention is made that this Court is "committed" to the view that an indemnitor may not be joined under Sec. 323, supra. In support of this argument Metropolitan cites Ohio Casualty Insurance Company v. First Nat. Bank of Nicholasville, Ky., Okl., 425 P.2d 934. The case is distinguishable. There, there were obviously no common questions of fact. This was so because the plaintiff's claim was by airplane mortgagee against casualty insurer to recover on the policy, whereas the insurer's third-party claim was sought to be prosecuted on subrogation theory against an alleged tortfeasor. Obviously, there was no commonness in the issues raised by mortgagee against insurer with the issues raised by insurer against the tortfeasor. This distinguishes the present case from the holding in Ohio.

For background information and further explanation of the Oklahoma Joinder Statutes, see Fraser, The New Oklahoma Joinder Statute, 34 O B J 2199.

We hold the terms of Sec. 323, supra, allow no room for the exercise of judicial discretion in so far as they authorize a joinder of parties. Since the trial court "may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice" we express no views as to the manner in which the cause should proceed to final adjudication.

Judgment reversed.

All the Justices concur.