Pank John GREENE and Earnestine Greene,
Appellees,

v.

CIRCLE INSURANCE COMPANY,
Appellant.

No. 47390.

Supreme Court of Oklahoma.

Nov. 23, 1976.

O. B. Martin, David W. Kisner, Martin & Kisner, Oklahoma City, for appellees.

William B. Rogers, Ames, Daugherty, Black, Ashabranner & Rogers, Oklahoma City, for appellant.

IRWIN, Justice.

Circle Insurance Company [appellant] seeks reversal of judgment against it as garnishee of one Charles Lee Brown [Brown] in favor of Pank John Greene and Earnestine Greene [appellees]. Brown and appellees were involved in an automobile accident in June of 1967. Brown was a member of the United States Army stationed at Ft. Sill, Oklahoma, at the time of the accident and subsequently moved to California. Appellees filed their petition naming Brown as defendant in September of 1967, and summons thereon was issued, but returned without service having been perfected. The cause remained in that condition until December of 1971, when summons was again issued and served under the provisions of 47 O.S.1971, § 391 et seq. Substitute service was perfected by serving the Secretary of State and by mailing a copy of the summons by certified mail to the last known residence of Brown. Brown failed to appear and default judgment was entered for appellees in March of 1972. No appeal was taken from the judgment.

Thereafter, appellees commenced garnishment proceedings against appellant as liability insurer of Brown. Appellant appeared and demurred to appellee's garnishment alleging that this judgment showed on its face to be defective because the statute of limitations on their action against Brown had run. 12 O.S.1971, § 95(3). The trial court overruled the demurrer and after hearing evidence entered judgment in favor of appellees. Appellant appeals.

Appellant's Petition in Error alleges only one specification of error, "that the judgment on which Appellees seek recovery is barred by Limitations of actions under 12 O.S. § 95, 3rd, and is void on its face." In the trial court, appellant defended garnishment on the grounds that Brown as its insured had not given it notice of the accident and had not cooperated as required by the terms of the insurance policy.

The trial court specifically found the defenses of appellant on its contract to be without merit. Although appellant raises the trial court's ruling with respect to its defenses on the contract in its reply brief, no such allegation of error is to be found in the Petition in Error or appellant's brief in chief. Generally, this Court will not review allegations of error that are not raised by the Petition in Error. *Stillwater Industrial Foundation, Inc. v. State ex rel. Board of Regents for Oklahoma Agricultural and Mechanical Colleges*, Okl., 541 P.2d 173 (1975). Appellant gives us no reason why we should consider error not preserved in the Petition in Error in this case, and we find none in the record.

Our examination of the trial court's journal entry fails to reveal any jurisdictional defect rendering the judgment void on its face, and appellant has failed to point out such defect.

Appellant's lone assertion of error is that it as garnishee may assert for the first time in garnishment proceedings an unraised defense (barred by limitations) of the judgment debtor. Appellant relies almost exclusively on the provisions of 15 O.S.1971, § 427, which provides in part:

"In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears:

\*     \*     \*     \*     \*     \*

"6. If the person indemnifying, whether he is a principal or a surety in the agreement, has not reasonable notice of the action of proceedings against the

**424**

person indemnified, or is not allowed to control its defense, judgment against the latter is only presumptive evidence against the former."

 The trial court specifically found notice had been given appellant of the proceedings. Appellant's adjusters apparently knew of the accident soon after its occurrence. Counsel for appellees sent a letter to appellant notifying it of the pendency of the action some five days prior to taking default judgment. The letter to appellant set forth the intent of appellee to take default judgment at a date and time certain. Appellant does not challenge the trial court's finding that it had notice of that proceeding. Under 12 O.S.1971, § 1181, appellant was authorized to defend appellees' action against its insured. Under these circumstances, § 427(6), supra, does not render appellees' judgment against Brown *only* presumptive evidence against appellant.

In this garnishment proceeding, appellant seeks to re-litigate a question of limitations which could have been interposed as a defense in appellees' action against Brown. Limitations is an affirmative defense which must be pled if it is to operate to bar recovery. *Labor Investment Corp. v. Russell,* Okl., 405 P.2d 1008 (1965). Where the defense is not pled, it is waived. *Gragg v. James,* Okl., 452 P.2d 579 (1969). The existence of a valid but unraised affirmative defense does not affect the efficacy of an otherwise valid judgment. Appellees' judgment against appellant's insured [Brown] is valid and has become final.

Appellant's contractual obligations under the insurance contract to Brown was not in litigation in appellees' action against Brown and the judgment rendered in that action did not attempt to adjudicate such obligations. In *United States Fidelity & Guaranty Co. v. Dawson Produce Co.,* 180 Okl. 119, 68 P.2d 105 (1937), we held:

"One who is required either by law or contract to protect another from liability is bound by the result of the litigation to which such other is a party, provided the former had notice of such litigation and an opportunity to control its proceedings; but a judgment against a party indemnified is conclusive in a suit against his indemnitor only as to the material facts therein established."

See also, *Henderson v. Eaves,* Okl., 516 P. 2d 280.

The only material facts adjudicated in appellees' action against Brown that appellees rely upon in the case at bar are Brown's liability to appellees and the extent of that liability. Whether appellees' action against Brown may have been barred by limitations has no bearing whatsoever concerning appellant's contractual liability to Brown under the insurance policy; it is not material or relevant in the garnishment proceedings; and may not be raised as a defense in these proceedings.

Judgment affirmed.

All the Justices concur.