Jean STROCK, Appellant,

v.

**CITY OF LAWTON and the State of Oklahoma, Appellees.**

No. 85836.

Court of Appeals of Oklahoma, Division No. 3.

March 5, 1996.

Mark Hammons, Hammons & Associates, Oklahoma City, for Appellant.

Larry W. Johnson, City of Lawton, Lawton, for Appellee City of Lawton.

Drew Edmondson, Attorney General, Yasodhara Mohonty, Assistant Attorney General, for Appellee State of Oklahoma.

## OPINION

ADAMS, Vice Chief Judge:

After Appellant was assaulted and raped by two individuals who had escaped from the Lawton Community Corrections Center (LCCC), she sued the City of Lawton and the State of Oklahoma, alleging these defendants had improperly handled the work release assignment of at least one of these individuals.[1]

According to Appellant, before the assault she had come in contact with one of the assaulters in connection with the City's animal shelter. Apparently, this individual was assigned to a work release program at the animal shelter. Appellant claims City led her to believe the individual was an employee of City. Two days later, Appellant came in contact with this individual again, along with a cohort. Unbeknownst to Appellant, both individuals had escaped from the LCCC. They asked Appellant for a ride to the animal shelter, and Appellant, assuming they were employees of City, complied. After they arrived at the shelter and Appellant refused to surrender her vehicle, they abducted and raped her.

City moved to dismiss the action, claiming immunity pursuant to the Governmental Tort Claims Act (the Act), 51 O.S.1991 §§ 155(21) and (23), and 57 O.S.Supp.1992 § 228. After a response by Appellant, the trial court granted City's motion. State then filed a motion for summary judgment on similar grounds, claiming immunity under § 155(23) of the Act, and attached an affidavit demonstrating that Appellant's attackers were escapees from the LCCC. After the trial court granted State's motion, Appellant filed this appeal, alleging trial court error in dismissing City and granting summary judgment to State. According to Appellant's Petition in Error, as amended, the only point of law urged as error reads: "Is a City and State immunity [sic] under the Governmental Tort Claim [sic] for any actions arising out the operation of work release programs?" Accordingly, our review is confined to determining whether, on this record, the trial court correctly concluded City and State were immune from Appellant's claim.

▮ Although we recognize that the standards for granting summary judgment and sustaining a motion to dismiss differ substantially,[2] for the purposes of this case

---

1. Appellant also initially claimed a right to recover under 42 U.S.C. § 1983. She subsequently dismissed her § 1983 claim without prejudice to refiling.

2. A motion to dismiss for failure to state a cause of action should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief." *Niemeyer v. U.S. Fidelity and Guaranty Co.,* 789 P.2d 1318, 1321 (Okla.1990). A motion for summary judgment calls upon the court to look beyond the pleadings and examine the evidentiary material presented by the parties. Summary judgment is properly

the differences are immaterial. A review of Appellant's petition and other pleadings clearly reveals that it is undisputed that both of her attackers were escapees from a state-operated correctional facility and that her allegations of negligence by both defendants relate to their assignment of at least one of her attackers to a work release program.

As recognized by all the parties, our analysis must begin with 57 O.S.Supp.1992 § 228, which provides, in pertinent part:

The State of Oklahoma, all counties and municipalities of this state and all of their officers, agents, servants and employees, and all nonprofit organizations are hereby immune from liability for torts committed by or against any eligible offender described in subsection A of Section 227 of this title. *The state, counties and municipalities waive their immunity from liability for all torts committed by any eligible offender described in subsection A of Section 227 of this title to the extent of liability expressly and directly established in the Political Subdivision Tort Claims Act, Section 151 et seq. of Title 51 of the Oklahoma Statutes.* (Emphases added).

By its general terms, § 228 appears to cloak both City and State with immunity from liability for torts committed·by persons such as these attackers who are assigned to the work release programs provided for in 57 O.S.Supp.1992 § 227. However, the emphasized language waives that immunity "to the extent of liability expressly and directly established" by the Act. According to City and State, no liability may be imposed under § 228's waiver unless City and State are not immune under the Act. Because, according to City and State, both entities are immune from liability under §§ 155(21) and 155(23),[3]

there is no waiver of the immunity afforded by § 228.

Appellant contends the emphasized language cannot be read to include all of the exemptions from liability under the Act because to do so renders the Legislative language a "vain and useless act." We agree that we must construe these statutes by considering all relevant provisions together, so that we give force and meaning to each part. *Dana P. v. State,* 656 P.2d 253 (Okla.1982). However, we disagree that giving effect to the plain language of this provision renders the statute void.

Appellant's argument is premised upon the assumption that every possible basis for liability for the operation of a work release program by the State or a political subdivision is also exempted under the Act. Examination of the relevant statutory language reveals this assumption to be incorrect. Both subsections 21 and 23 allow liability in cases involving claims from persons not in the custody of the Department of Corrections which involve DOC owned or operated motor vehicles. According to its plain language, the waiver in § 228 extends only to those cases involving work release programs where the political subdivision or State could be held liable under the Act. Under the undisputed circumstances of this case, both City and State are immune under the Act from Appellant's claim, and the trial court did not err in so concluding.

We need not address the other issue raised in Appellant's trial court briefs concerning waiver of immunity by acquisition of insurance because Appellant did not preserve that issue for review in her Petition in Error. *See Greene v. Circle Insurance Company,*

granted "only when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law." *Flanders v. Crane Co.,* 693 P.2d 602, 605 (Okla.1984).

3. According to these sections:
The state or a political subdivision shall not be liable if a loss or claim results from:
(21) Any court-ordered or Department of Corrections approved work release program; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on acci-

dents involving motor vehicles owned or operated by the Department of Corrections;
(23) Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner by a prisoner to any other prisoner; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections.

557 P.2d 422 (Okla.1976). The judgment of the trial court is affirmed.

AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.