Byron A. DAUGHERTY and Ruby
Daugherty, Plaintiffs,

v.

FARMERS COOPERATIVE ASSOCIA-
TION, a corporation, Defendant.

STAUFFER CHEMICAL COMPANY, a
corporation, Appellant,

v.

AMERICAN CYANAMID, Appellee.

No. 70818.

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 26, 1989.
Rehearing Denied Nov. 14, 1989.

Michael L. Darrah, Paul B. Middleton, Oklahoma City, for appellant.

William G. Smith, Jack F. Gilbert, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Plaintiffs filed this action in 1978 against Appellant Stauffer Chemical Company and Farmers Cooperative Association[1] seeking damages for personal injuries allegedly sustained as a result of their use of Cythion 5–E (Malathion). The trial court granted summary judgment in favor of both Defendants based upon the running of the statute of limitations. Plaintiffs appealed. The Supreme Court in *Daugherty v. Farmers Co-op. Association*, 689 P.2d 947 (Okla. 1984), affirmed the summary judgment for Defendants (Appellant) on the manufacturers' products liability claim and reversed the judgment as it applied to the breach of warranty claim under the Uniform Commercial Code (UCC), finding that cause of action was timely filed.

On remand the trial court granted Appellant's motion to join as an additional third party defendant, the Appellee herein, American Cyanamid. A principal ingredient in the allegedly defective product was Malathion, sold by Appellee under its registered trademark of Cythion. Appellant alleged in its third party complaint that it purchased Malathion from Appellee and that it was simply a distributor of the product. It further alleged that if it was held responsible or liable to Plaintiffs under the breach of warranty theory, then it was entitled to indemnity over and against Appellee for any and all damages suffered.

Appellee filed a motion for summary judgment arguing lack of notice under the UCC, 12A O.S.1981 § 2–607(3)(a). That section provides:

(3) Where a tender has been accepted

(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;

Because Plaintiffs originally filed their complaint in 1978 Appellee alleged under the above statute it was entitled to judgment, as it had no notice of any claims against it until Appellant filed the third party action. That length of time, it submits, is unreasonable as a matter of law. The trial court agreed with Appellee and granted its motion.

Appellant appeals and argues the § 2–607(3)(a) notice provisions have no application to its action for indemnity.[2] It contends it had no valid action against Appellee until remand of the case by the Oklahoma Supreme Court in that the trial court had dismissed Plaintiffs' entire claim leaving Appellant free from any liability upon which to base indemnity.

On the other hand, Appellee urges us to uphold the trial court's application of § 2–607 and hold that Appellant was obligated to notify Appellee, as a component manufacturer of the final product, of any claim of breach of warranty.

■ Whether the notice provisions of the UCC may be interposed as a defense to a

---

1. Neither Plaintiffs nor Farmers Cooperative Association are parties to this appeal.

2. Although it does not appear in the record, Appellant apparently has settled with Plaintiffs.

It seeks indemnity in the amount of the settlement plus costs and attorney fees from Appellee.

claim for implied indemnity is a case of first impression in Oklahoma. We hold that they may not and reverse.

Other jurisdictions have addressed similar problems involving notice provisions of Article 2 of the UCC. We are persuaded by the reasoning set forth in *Hill v. Joseph T. Ryerson & Son, Inc. v. United States Steel Corporation,* 165 W.Va. 22, 268 S.E.2d 296 (1980). In that decision, Hill sued Ryerson alleging that Ryerson supplied it with defective tubing and that there was a breach of the implied warranty of fitness. Hill recovered $125,000 from Ryerson, and Ryerson then impleaded US Steel as the manufacturer of the defective product. US Steel attempted to interpose the "no reasonable notice" provisions of § 2–607(3)(a) as a defense to the third party action. In denying the applicability of this defense to an action for indemnity the Court said:

> Under the principles of implied indemnity, notice to the indemnitor is not required unless the indemnitee seeks to bind the indemnitor to the original judgments.

The West Virginia Supreme Court specifically addressed use of the UCC in an indemnity action. It clearly believed the UCC had no relevance to the products liability field, where the injured buyer was not seeking to rescind a sales contract and avoid paying the purchase price for the product, but rather was attempting to recover damages for personal injuries caused by the product. That Court further stated:

> "Nor is it particularly applicable where the seller has been sued by the injured buyer and the seller seeks to recover from the manufacturer of the defective product on an implied indemnity theory. We believe that the notice requirement of [§ 2–607(3)(a) ] is applicable to the ordinary commercial transaction where the buyer is seeking to avoid the contract price because the goods are not acceptable, and this Code section should not be extended into the product liability field."

■■■ The right to indemnity is not limited to cases where there is an express agreement to that effect. A right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations. In the case of implied or noncontractual indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon he who seeks indemnity. *Central National Bank of Poteau v. McDaniel,* 734 P.2d 1314 (Okla.App.1986).

■■ A claim for indemnity may arise from an action either in strict liability in tort, or breach of implied warranty of fitness. Originally both were judicially created causes of action. *See Henningsen v. Bloomfield Motors, Inc.,* 32 N.J. 358, 161 A.2d 69 (1960). Either basis may give rise to an indemnity claim created by the special relationship of the parties.

■■ A cause of action for indemnity does not arise until the former judgment is paid. *Central National Bank of Poteau v. McDaniel, supra* at p. 1317. We decline to hold a third party plaintiff in such a suit to the "reasonable notice" requirements provided by the UCC for commercial settings.[3] The trial court erred in granting summary judgment to Appellee based on the notice requirements of 12A. O.S.1981 § 2–607(3)(a).

■■ Appellant secondly argues the trial court erred in denying its application to amend its third party petition against Appellee to include claims for negligence, products liability and contribution. This argument is without merit. The Supreme Court affirmed the trial court's order dismissing the plaintiffs' action based on these theories. Thus, no cause of action remained on remand based on negligence or products liability. For a person to seek contribution under the Uniform Contribution Among Tortfeasors Act, 12 O.S.1981 § 832, the parties must be jointly or severally liable. An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the

---

**3.** C.f. *Ashley v. Goodyear Tire and Rubber Co. v. Bethlehem Steel,* 635 F.2d 571 (6th Cir.1980); *Begley v. Jeep Corporation,* 491 F.Supp. 63 (W.D. Va.1980).

party seeking contribution is not liable at all, is insufficient. There can be no contribution in this situation. Although Oklahoma does recognize a right of indemnity, it does not have a statutorily unrestricted right of contribution. *Braden v. Hendricks,* 695 P.2d 1343 (Okla.1985). *See also, Cleere v. United Parcel Service, Inc.,* 669 P.2d 785 (Okla.App.1983).

█ It is within the sound discretion of a trial court to grant amendments to pleadings and in the absence of abuse of discretion, we will not disturb its ruling. *Wilkinson v. Chicago Rock Island and Pacific R. Co.,* 420 P.2d 914 (Okla.1966). We find no abuse of discretion. The trial court did not err in denying Appellant's motion to amend the pleadings.

The trial court's judgment is therefore AFFIRMED IN PART AND REVERSED IN PART and REMANDED for further proceedings consistent with this decision.

BAILEY, C.J., and REYNOLDS, J., concur.