Harold Ralph **STOTTS,** Esther Elizabeth **Stotts,** individually and as parents and next friend[s] of Matthew John Stotts, a minor, Plaintiffs,

v.

**CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS** and Gregory Louis Turner, Appellants and Third–Party Plaintiffs,

v.

**LINDSEY CONSTRUCTION CO., INC.,** and Advanced Warnings, Inc., Appellees.

No. 83931.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 13, 1994.

Dan S. Folluo and Edward J. Main, Secrest, Hill & Folluo, Tulsa, for appellants.

Ronald D. Wood, Ronald D. Wood & Associates, Tulsa, for appellee, Advanced Warnings, Inc.

Stephen C. Wilkerson, Knight, Wilkerson & Parrish, Tulsa, for appellee, Lindsey Const. Co., Inc.

## MEMORANDUM OPINION

JONES, Judge:

On May 4, 1992, a vehicle driven by Harold Ralph Stotts collided with a vehicle driven by Gregory Turner. Turner was driving a vehicle on behalf of the Church of Jesus Christ of Latter Day Saints ["Church"]. Stotts sued Turner and Church for negligence. Church and Stotts filed a combined answer and third-party petition in which they denied they were negligent and also impleaded Appellees Lindsey Construction Company and Advanced Warnings, Inc. Appellants' third-party petition alleged Lindsey Construction and Advanced Warnings had been negligent in the manner that they warned motorists about ongoing construction work on the street where the accident occurred, and in other respects which would be disclosed by discovery. Advanced Warnings moved to dismiss Church's third-party petition, arguing that a third-party claim for contribution will not lie when the third-party plaintiff denies all liability for the negligence alleged by the plaintiff. The trial court granted the motion. Appellants filed a motion for new trial to challenge that ruling. Lindsey Construction, which had previously answered and cross-claimed against Advanced Warnings, then filed its own motion to dismiss, relying on the arguments and authorities previously made by Advanced Warnings. The trial court, by combined order, granted Lindsey Construction's motion to dismiss, and denied Appellants' motion for new trial.

We hold that Appellants' third-party petition stated a claim against Advanced Warnings and Lindsey Construction, and the trial court erred by dismissing the third-party petition.

Third-party practice in Oklahoma is governed by the following general provision of the Pleading Code:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him or who is liable to him on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him....

12 O.S.1991 § 2014(A).

A third-party plaintiff need not state a present claim for relief against third-party defendant(s). Section 2014 requires only that the third-party defendant "is or may be

liable" to the third-party plaintiff "for all or part of" of the liability which the plaintiff in the main action seeks to establish. Third-party practice in this way "accelerates" the presentation of the comparative rights between third-party plaintiff and third-party defendant. *See* 3 Moore's Federal Practice ¶ 14.08 (1994). Impleader "may also accelerate the right of contribution among joint tortfeasors even though such right is 'inchoate, unascertainable and contingent until [the joint tort-feasor] pays more than his proportionate share of the common liability.'" *Id.*, at 14–61 [footnote omitted]; *Oklahoma Gas & Electric Co. v. District Court,* 784 P.2d 61, 66 n. 22 (Okla.1989).

> Contribution among joint tortfeasors is a right which exists "even though judgment has not [yet] been recovered against [the joint tortfeasor]." *The fact that a claim for contribution may not accrue until the judgment's rendition does not bar the earlier assertion of the claim.* The right of contribution may be asserted *before judgment* as either a permissive counterclaim, crossclaim, or as a third-party action.

*Id.,* 784 P.2d at 67.

Appellees misread this Court's decision in *Daugherty v. Farmers Cooperative Ass'n,* 790 P.2d 1118 (Okla.Ct.App.1990), as requiring a different conclusion. The Court in that case rightly concluded that the defendant could not seek contribution from a third-party defendant in a breach of warranty action (the only theory extant after dismissal of the plaintiff's tort theories as barred by the statute of limitations). *Id.,* 790 P.2d at 1120–21.[1]

■ A party is permitted to plead as many claims or defenses as it has "regardless of consistency." 12 O.S.1991 § 2008(E)(2). A combined answer and third-party petition is not subject to dismissal merely because it includes both a denial of negligence in answer to the plaintiff's allegations, and an assertion of contribution rights over against a third-party defendant. To our mind, the success of Appellees' dismissal motions recalls the days of the speaking demurrer, an anachronism under modern pleading practice, in which a defending party challenged a pleading only by reference to some "fact" not alleged on the face of the pleading. A third-party petition, just as an original petition, should not be dismissed for failure to state a claim unless it appears beyond doubt that the third-party plaintiff can prove no set of facts in support of its claim which would entitle the third-party plaintiff to relief. *See Dyke v. Saint Francis Hospital, Inc.,* 861 P.2d 295, 298–99 n. 6 (Okla.1993), citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ We find one other ground for reversal of the trial court's decision to grant the motion to dismiss by Appellee Lindsey Construction. Lindsey Construction filed its answer to the third-party petition, and only after Advanced Warnings succeeded on a dismissal motion did Lindsey Construction pursue its own dismissal motion. A party must state its grounds for dismissal, if at all, at least by the time it answers. By delaying its quest for dismissal beyond the date it answered, and by omitting its grounds for dismissal from its answer, Lindsey Construction waived any argument it may have had that the third-party petition failed to state a cognizable claim for contribution. 12 O.S. 1991 § 2012(F)(1)(b).

The trial court's order dismissing Appellants' third-party claim against Lindsey Construction, and denying Appellants' motion for new trial of the decision to grant Advanced Warnings' motion to dismiss, is reversed. This case is, accordingly, remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

HANSEN, P.J., and GARRETT, V.C.J., concur.

---

1. *See Daugherty v. Farmers Cooperative Ass'n,* 689 P.2d 947 (Okla.1984).