**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re: COOPER
MANUFACTURING CORP., and
its Affiliates; CHALLENGER RIG
& MANUFACTURING, INC.;
COOPER OFFSHORE SYSTEMS,
INC.; COOPER SALES CORP.,

      Debtors,

_____

JON A. BARTON, Liquidating
Trustee,

      Plaintiff,

v.

THE HOME INDEMNITY
COMPANY; THE CONTINENTAL
INSURANCE COMPANY; HARBOR
INSURANCE COMPANY;
GREENWICH INSURANCE
COMPANY,

      Defendants,

v.

THE HOME INDEMNITY
COMPANY,

      Third-Party-Plaintiff-
      Appellant,

v.

No. 98-5080
(D.C. No. 94-CV-901-BU)
(N.D. Okla.)

THE HOLMES ORGANISATION,
INC.,

        Third-Party-Defendant-
Appellee.

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

The Home Indemnity Company (Home) appeals from the       district court's

grant of summary judgment to The Holmes Organisation, Inc. (Holmes) on

cross-claims of indemnity and contribution.  In the underlying lawsuit, the trustee

in bankruptcy for the debtors asserted claims against Home and other insurance

companies, alleging violations of the Texas Deceptive Trade Practices Act, bad

faith, and breach of the duty of fair dealing.  Home asserted cross-claims against

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

its insurance agent, Holmes. Holmes sold liability insurance policies to the debtors for Home, and handled various insurance matters between Home and the debtors. When Home and the trustee settled the underlying claims, the cross-claims against Holmes remained. Holmes filed a motion to dismiss the claims, which the district court converted to a motion for summary judgment. After briefing, the district court granted summary judgment to Holmes, concluding that, as a matter of law, Home could not bring indemnity and contribution claims against Holmes on these facts. The district court also denied as futile Home's motion for leave to amend its third-party complaint.

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). The parties do not contend that the facts are disputed, therefore our review is limited to determining if the district court correctly applied the substantive law. Although the district court analyzed Home's indemnity and contribution claims under both Oklahoma and Texas law, Home contends that Oklahoma law applies here. Further, Home's arguments are based solely on Oklahoma law. Without deciding which law controls, we conclude that Home's challenges to the district court's ruling based on Oklahoma law have merit.

The trustee's claims against Home alleged that Home failed to investigate, negotiate, defend, or indemnify the debtors against numerous product liability claims asserted against them in 1984. As a result of the product liability claims, debtors filed for protection under Chapter 11 of the Bankruptcy Code in 1984, and liquidated their businesses in December of 1985. The trustee's suit sought damages equal to the lost value of the businesses, together with punitive damages, treble damages on the alleged Texas statutory violations, interest, and attorney's fees. In its amended answer to the suit, Home contended that it did not receive notice from either the debtors or its agent, Holmes, of any claims against the debtors until well after the product liability suits were filed.

While Home denied liability for the trustee's claims, it also asserted cross-claims against Holmes should Home be found liable to the trustee. Home alleged that its agent failed to give it proper notice of the product liability claims. In its proposed amended third-party complaint, Home also contends that 1) it did not receive notice of the product liability claims until after the liquidation of the debtors, 2) it was exposed to liability on the trustee's claims because Holmes failed to forward notice of the product liability claims and because Holmes told the debtors that the Home policies would not cover those claims, inducing the debtors not to forward claims to Home or demand a defense to those claims, and 3) Holmes was an agent for Home and also for the debtors.

-4-

Noting that Home could not delegate its duties of good faith and fair dealing under Oklahoma law, the district court held that Home could not seek indemnity against its agent because it could not prove that Holmes was also directly liable to the debtors for the trustee's claims against Home. On appeal, Home argues that the district court has construed the common law of indemnity too narrowly. We agree.

In sole support of its point that tort liability for the trustee's claims must also lie between Holmes and the debtors, the district court cited to *Albany Insurance Co. v. Rose-Tillmann, Inc.*, 883 F. Supp. 1459 (D. Or. 1995). In that case, the district court held that an underwriting agent could not be held liable on an indemnity claim by a retail insurance agent because the underwriting agent was not liable to the plaintiff insured. *Albany* is distinguishable, however, because there the court concluded that the underwriting agent had no active fault resulting in the insurer's liability to the plaintiff insured. Here, in contrast, Home contends that Holmes' acts and omissions directly caused its potential liability to the trustee. In the face of these allegations, and absent any determination of fault as between Home and Holmes, *Albany* provides no guidance.

Further, Home points to three Oklahoma cases where indemnity was found to lie based on a special or contractual relationship between the parties, even where the indemnity defendant was not liable either directly or in tort to the

-5-

injured party. The Oklahoma court in these cases did not mention, much less discuss, a requirement that the indemnity defendant be liable in tort on the same theory under which the indemnity plaintiff was liable to the injured party. *See Biggs v. Surrey Broadcasting Co.,* 811 P.2d 111 (Okla. Ct. App. 1991); *Daugherty v. Farmers Coop. Ass'n*, 790 P.2d 1118 (Okla. Ct. App. 1989); *Central Nat'l Bank v. McDaniel*, 734 P.2d 1314 (Okla. Ct. App. 1986). Holmes, while asserting that the district court was correct in requiring liability between it and the debtors, did not address these cases on appeal. We conclude that these cases, and the common law of indemnity in general, substantially undermine the district court's legal conclusion.

The district court also ruled that Home's contribution claim should be denied because, as an agent for Home, Holmes could not be shown to have owed or breached any duties to the debtors such that the parties could be joint tortfeasors. Again, we disagree. Home's proposed amended complaint against Holmes contends that Holmes was an agent for both Home and the debtor. Further, Oklahoma law does not preclude dual agency in this factual setting where there is no conflict of interest. *See Home Ins. Co. v. Southern Motor Coach Corp.*, 41 P.2d 870, 873 (Okla. Ct. App. 1935). Accordingly, the district court's legal decision on this point does not comport with Oklahoma law.

-6-

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED. In light of the above analysis, and because this court is of the opinion that further factual development is required before determination of Home's indemnity and contribution claims is possible, the case is REMANDED to the district court for further proceedings, including reconsideration of Home's motion for leave to amend its third-party complaint against Holmes.

Entered for the Court


Wade Brorby
Circuit Judge