**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 2000**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

FALCON BELTING, INC., an Oklahoma
corporation,

     Plaintiff-Appellant,

v.

RTP COMPANY, a Minnesota corporation,
also known as RTP INTERNATIONALS,
INC., and MILLER WASTE MILLS, a
Minnesota corporation,

     Defendants-Appellees.

No. 99-6236
(D.C. No. CIV-96-2011-T)
(W. Dist. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **ALARCÓN**,[**] and **BALDOCK,** Circuit Judges.

---

Falcon Belting, Inc. (Falcon), a manufacturer of plastic conveyor belts,

brought this diversity action against Miller Waste Mills, Inc., d/b/a RTP Company

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Arthur L. Alarcón, Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

(RTP), a manufacturer of plastic pellets used in the production of molded plastic equipment, alleging claims for breach of express and implied warranty, fraud, misrepresentation, negligence, contribution, indemnity, and punitive damages. Falcon had purchased plastic pellets from RTP for use in the manufacture of a food processing belt for Frito Lay, Inc. The belt ultimately failed, resulting in the loss of thousands of bags of Frito Lay chips. After Falcon and its insurer settled with Frito Lay, Falcon brought this action to recover amounts expended in the settlement and additional damages. The district court granted summary judgment for RTP, holding that Falcon's tort claims were barred under Minnesota's economic loss statute, that the terms of sale included a term barring Falcon's recovery of consequential damages,[1] and that Falcon was not entitled to indemnification or contribution. We reverse and remand for further proceedings.[2]

We turn first to the district court's determination that Falcon's tort claims were barred by the state's economic loss doctrine. Under Minnesota law:

> Economic loss that arises from a sale of goods that is due to damage to tangible property other than the goods sold may be recovered in tort as well as in contract, but economic loss that arises from a sale of goods between parties who are each merchants in goods of the kind is not recoverable in tort.

---

[1] The district court concluded that under Oklahoma's choice-of-law rules, Minnesota law applies to the first two issues. Falcon does not assert this ruling as error on appeal.

[2] We have jurisdiction over this appeal because the district court issued a Fed. R. Civ. P. 54(b) certification.

MINN. STAT. ANN. § 604.10 (a) (West 2000).  The district court ruled that although Falcon was not an actual dealer in the plastics supplied by RTP, it was nonetheless a merchant in goods of the kind on the basis of its specialized knowledge in the purchase and use of plastics.  The court then held that because Falcon and RTP were both merchants in goods of the kind, Falcon's claim for damages to property other than the plastic pellets was barred by the Minnesota statute.  In so holding, the court relied on *Regents of the Univ. of Minn. v. Chief Indus., Inc.*, 106 F.3d 1409 (8th Cir. 1997).  There, the Eighth Circuit addressed the circumstances in which a party is considered to be a merchant in goods of the kind under Minnesota law, and construed that definition broadly to include both those who deal in the goods and those with specialized knowledge of the goods. *Id.* at 1411.  The dissent in *Regents* disagreed with the majority's broad construction, pointing to language in state case law to the effect that parties are merchants in goods of the kind only where the parties to the sale are dealers in the same goods.  *Id.* at 1413 (Lay, Circuit Judge, dissenting).

Two events occurred while the instant case was pending on appeal which are relevant to the district court's holding that Falcon's tort claims are barred. First, in 1998, the Minnesota legislature amended section 604.10 by adding subsection (e), which states that "[t]his section shall not be interpreted to bar tort causes of action based upon fraud or fraudulent or intentional misrepresentation

or limit remedies for those actions." MINN. STAT. ANN. § 604.10 (e) (West 2000). The legislature further provided that subsection (e) was intended to clarify, rather than to change, the original intent of section 604.10, *see* 1998 Minn. Laws 1st Sp., c. 2, § 2, and that subsection (e) was applicable to actions pending on or commenced on or after April 23, 1998, *id.* § 4. Falcon's tort claims were pending appeal on April 23, 1998, and its complaint states claims of fraud and misrepresentation. Accordingly, under the operation of section 604.10 (e), those tort claims are not barred.

Moreover, in *Jennie-O Foods, Inc. v. Safe-Glo Prods. Corp.*, 582 N.W.2d 576 (Minn. Ct. App. 1998), the Minnesota Court of Appeals rejected the broad construction of "merchants in goods of the kind" adopted by the majority in *Regents* and instead found "persuasive . . . the well-reasoned dissent," drawing on *Lloyd F. Smith Co. v. Den-Tal-Ez, Inc.*, 491 N.W.2d 11 (Minn. 1992). *Jennie-O Foods*, 582 N.W.2d at 579. In so doing, the Minnesota court expressly disapproved of holding that a party is a merchant in goods of the kind on the basis of specialized knowledge. *See id.* at 578-79. The district court's conclusion that Falcon was a merchant in goods of the kind so as to bar its tort claims is contrary to *Jennie-O Foods*. "In the absence of a state supreme court ruling, a federal court must follow an intermediate state court decision unless other authority convinces the federal court that the state supreme court would decide otherwise." *See*

*Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259. 1269 (10th Cir. 1989). We are not persuaded the Minnesota Supreme Court would decide this issue differently than the Minnesota Court of Appeals did in *Jennie-O Foods*, particularly given the supreme court's prior opinion in *Den-Tal-Ez*. Accordingly, we reverse the grant of summary judgment on this issue.

We address the following issues briefly in the event that they may be relevant on remand. First, we deal with Falcon's argument that a limitation on consequential damages was unconscionable under MINN. STAT. ANN. § 336.2-719 because it was not part of the original contract. This provision was contained in an acknowledgment form sent by RTP after Falcon had ordered goods, and in invoices shipped with the goods. The district court rejected Falcon's argument upon concluding Falcon had offered no evidence that this provision was not presented at the time of contract formation. Our review of the record indicates to the contrary that Falcon supported its argument below that RTP was attempting to limit remedies after the contract had been made, *see* App. vol. II, at 337, by pointing to evidence from Falcon's president that the limitation provision was contrary to RTP's previous advisements, *see id*. at 358. In view of this evidence, as well as evidence that the contract was formed by a course of dealing and the undisputed fact that the limitation was sent to Falcon after it had ordered goods, we believe that a fact issue exists as to the time of contract formation and thus as

to whether the limitation was part of the original contract.[3]  Summary judgment was therefore not proper on this issue.

In addition, the district court held that Falcon was not entitled to either contribution or indemnification.  The court's ruling was based on two grounds: its conclusion that Falcon's tort claims were barred; and its conclusion that because Falcon had denied liability in its settlement with Frito Lay, it could not make the requisite showing that it and RTP were jointly and severally liable.  In so doing, the court focused only on Falcon's claim for contribution and did not specifically address its claim for indemnification.

Because Falcon's tort claims may now go forward under Minnesota law, the first basis for the district court's ruling is no longer valid.  Moreover, Oklahoma law allows a party to make a claim for contribution while at the same time denying all liability.[4]  *See Stotts v. Church of Jesus Christ of Latter Day Saints*,

---

[3] We note that Falcon's claim that the limitation of remedies was not part of the contract presents a variation of the battle of the forms addressed in the Uniform Commercial Code at MINN. STAT. ANN. § 336.2-207 (West 2000).  Under that provision, additional terms contained in a written confirmation become part of a contract between merchants unless "[t]hey materially alter it."  *Id.* § 336.2-207(2)(b); *see also TRWL Fin. Est. v. Select Int'l, Inc.*, 527 N.W.2d 573, 578-79 (Minn. Ct. App. 1995).  Minnesota law provides that whether an additional term materially alters an agreement is a question of fact to be resolved on a case-by-case basis, and that an agreement is materially altered "if an addition would 'result in surprise or hardship if incorporated without express awareness by the other party.'"  *Id.* at 579.

[4] The district court applied Oklahoma law to Falcon's claims for indemnity and/or contribution.  Falcon argues on appeal that the court erred in failing to

-6-

882 P.2d 1106, 1107-08 (Okla. Ct. App. 1994). In addition the Minnesota Supreme Court "has, on equitable principles, allowed contribution in certain cases despite the absence of common liability." *Blomgren v. Marshall Mgmt. Servs., Inc.*, 483 N.W.2d 504, 506 n.2 (Minn. Ct. App. 1992) (citing *Lambertson v. Cincinnati Corp.*, 257 N.W.2d 679, 688 (Minn. 1977). Consequently, we are not persuaded that a party's unadjudicated denial of liability contained in a settlement agreement is a sufficient basis for denying that party's claim for contribution on summary judgment under either Oklahoma or Minnesota law.

We also conclude that summary judgment was not proper on Falcon's indemnification claim. In Oklahoma, "[a] right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations." *Daugherty v. Farmers Coop. Ass'n*, 790 P.2d 1118, 1120 (Okla. Ct. App. 1989).

> While Oklahoma does not have a statutorily unrestricted right of contribution among joint tort feasors, it does recognize a lenient exception granting a right of indemnity when one who is only constructively liable to an injured party and who is in no manner responsible for harm is compelled to pay damages because of the tortious act of another.

*Cent. Nat'l Bank of Poteau v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Ct. App.

---

apply Minnesota law, while RTP contends that Falcon has waived this argument by failing to properly present it below. As we discuss above, we are convinced that summary judgment was improper under the law of either state.

1986).  Minnesota law is to the same effect.  *See Rice Lake Contracting Corp. v. Rust Env't & Infrastructure, Inc.*, 616 N.W.2d 288, 291 (Minn. Ct. App. 2000) ("A right of indemnity arises when a party seeking indemnity has incurred liability due to a breach of a duty owed to it by the one sought to be charged, and such a duty may arise by reason of a contractual obligation."); *Blomgren*, 483 N.W.2d at 506 ("A claimant may recover indemnity . . . [w]here the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.").  Here, a contractual relationship existed between Falcon and RTP, and Falcon contends that it paid damages for harm caused by RTP's breach.  These allegations, which find some support in the record, are sufficient to survive summary judgment at this stage in the proceedings.

We **REVERSE** and **REMAND** for further proceedings in light of this order and judgment.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge